No. 73.—THE STATE OF GEORGIA, plaintiff in error, *vs.* HENRY
G. DEAN, defendant.

[1.] Where the law guarantees to parties the right of appeal, and no time
is prescribed within which the appeal shall be entered, it must be done
within four days from the date of the decision complained of, that being
fixed as a reasonable time, according to the general law regulating ap-
peals in ordinary cases.

Award and motion to dismiss appeal, in DeKalb Superior
Court. Heard and decided by Judge HILL, September Term,
1850.

The Governor and Chief Engineer of the Western & Atlantic
Railroad and Henry G. Dean, being unable to agree as to the
amount of damages the defendant should receive for the con-
struction of the said road through his land, referred the matter
to arbitrators, as provided by the Statute authorizing the con-
struction of the Western & Atlantic Railroad.

An award was rendered on the 4th day of April, 1850, in fa-
vor of the defendant, for $1500. The Chief Engineer notified
the arbitrators of his dissatisfaction with the award, on the 4th
day of September following, and desired to appeal therefrom.
The papers were sent up by the arbitrators, and filed in the office
of the Clerk of the Superior Court of DeKalb County, on the
5th day of September.

The cause came on to be tried before Judge *Hill*, at Septem-
ber Term, 1850, when counsel for the defendant moved to dis-
miss the appeal, on the ground—

1st. That the Chief Engineer, as the agent for the State, did
not give notice to the arbitrators of his dissatisfaction with the
award, and his desire to appeal therefrom, within the time pre-
scribed by law.

2d. Because the appeal was not entered in the time prescrib-
ed by law.

Which motion the Court sustained and dismissed the appeal;
whereupon counsel for plaintiff excepted.

EZZARD & MURPHY, for plaintiff in error.

IRWIN & RICE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In the 6th section of the Act passed 21st December, 1836, for the construction of the State Railroad, it is *provided*, that " The engineer and superintendent shall have full power and authority to treat with any owner of land through which the said road may be cut, or from which any timber or other material may be taken, and to fix and agree upon a compensation for the same; and that in the event of disagreement, the injury or damages shall be, in writing, submitted to and adjudged and determined by three arbitrators, sworn to do justice between the State and the party aggrieved; one of whom is to be chosen by the engineer and superintendent, one by the other party, and the third by the two so chosen; or if they cannot select, by any three or more of the Justices of the Inferior Court of the County in which such land may lie, either in term time or vacation. All of which submission, choice, appointment and award, shall be reduced to writing. And it is made lawful for the engineer or superintendent, for and on behalf of the State, or for the other party to the award of the said arbitrators, to present to them a written declaration of dissatisfaction therewith, and desire to appeal therefrom, who shall thereupon transmit, forthwith, to the Clerk of the Superior Court of the County wherein said land may lie, all previous proceedings in the case, together with such appeal, to be tried by a Special Jury, as in other cases of appeal, without formal pleadings or issue; which said appeal shall be presented on the part of the State, by the Attorney or Solicitor General officiating in such Court." *Prince*, 356.

J. F. Payne, Hiram Hooper and Thomas Hooper, having been selected, under this Act, as arbitrators to ascertain the injury done to the land of Henry G. Dean, *Junior*, by reason of the cutting of the State Railroad through his premises, met on the

State of Georgia *vs.* Dean.

4th day of April, 1850, and awarded to the owner the sum of fifteen hundred dollars as his damages.

On the 4th of September thereafter, William L. Mitchell, Esq. the Chief Engineer, for and on behalf of the State, presented to the arbitrators, his written dissatisfaction with the award, and gave notice of his desire to appeal therefrom, in terms of the Act. The papers were forthwith transmitted to the Clerk of the Superior Court of DeKalb County, and by him filed in his office on the 5th of September.

At the ensuing term of the Court, which met on the third Monday of the month, the presiding Judge, upon motion of counsel for Dean, the respondent, dismissed the appeal; whereupon the counsel for the State excepted.

[1.] The only question to be determined, therefore, is, whether the appeal by the State from the award of the arbitrators was entered in time?

The Act of 1836 specifies no time within which appeals shall be entered. It does not provide even, that appeals shall be tried at the *next* term of the Superior Court of the County where the land lies.

When a Statute guarantees to parties the right of appeal, and no time is designated within which it shall be entered, the rule is, that it must be done within a reasonable time; and the Legislature of Georgia have determined, that a reasonable time for appealing is *four days*—that being the period fixed by law within which appeals, in ordinary suits, shall be entered.

Knowing, however, as we do, that a contrary practice has prevailed throughout the State, under the various charters containing similar provisions to those in the Act of 1836, and that it has been usual, in all the Circuits, to allow appeals to be entered at any time before the next term of the Court after the award was made by the appraisers, we are unwilling to prescribe a definite rule and apply it to existing cases; and one which, being made to operate retroactively, would deprive parties of the privilege of having their rights passed upon by a Special Jury.

In the exercise, then, of the plenary powers conferred upon this Court, of giving such direction to cases as shall be in ac-

cordance with justice and equity, we shall reverse the judgment, dismissing the appeal, and order it to be re-instated, without any disparagement, as it will be perceived, to the legal acumen of our learned brother, who held that it had not been entered within a reasonable time.