No. 87.—JAMES W. ARMSTRONG, plaintiff in error, *vs.* THE OGLETHORPE BRIDGE & TURNPIKE COMPANY, defendant in error.

[1.] Appeals under the Act of 1852, "to incorporate the Oglethorpe Bridge & Turnpike Company," &c. are to be entered by the next term of the Court coming after the date of the award appealed from.

Award, in Dooly Superior Court. Tried before Judge POWERS, April Term, 1855.

This was an appeal taken by the Oglethorpe Bridge & Turnpike Company, from award rendered by three commissioners, to-wit: D. S. Harrison, W. H. Byrum and W. Beverly, selected by the parties and the Inferior Court of Dooly County, assessing damages for land and a ferry belonging to James W. Armstrong, and appropriated to their use by said company. The commissioners assessed $6.000 as the damages, on the 17th day of February, 1855. The company entered an appeal, under their charter, within four days, to the Superior Court of said county, but gave no security upon their bond, and there was no affidavit of inability to give security, by any of the officers of the company.

When the cause was announced for trial, Counsel for Armstrong, upon these grounds, moved to dismiss the appeal.

Counsel for the company resisted the motion, and moved the Court to be permitted to perfect the appeal, by the president of the company filing an affidavit, in substance, "that the company was unable, from its poverty, to give security; that they had a good cause of appeal, and that the affidavit would have been made when the appeal was entered, but from the decision of this Court in said case, at a former term, deponent was led to believe, and did believe, that no security was necessary."

It was admitted that the same parties had been before the Court on an appeal from an award rendered in 1854, which, however, did not affect the present case, the appeal in the

former case having been dismissed by the Court, and the present award has since been made by the commissoners.

The respondent, James W. Armstrong, then offered to prove to the Court that he notified the company, when the last award was made, that if an appeal was entered, he should require them to give good security; and unless it was given, he should move to dismiss the appeal.

The Court rejected the testimony and over-ruled the motion to dismiss the appeal, and allowed the appellant to file his affidavit, and the appeal to be entered *nunc pro tunc;* and Counsel for Armstrong excepted.

Cook & Montfort, for plaintiff in error.

Miller & Hall, for defendant.

*By the Court.*—Benning, J. delivering the opinion.

[1.] The award appealed from was made on the 17th of February, 1855. The decision, that the appeal should "be completed by the filing and entry of the" affidavit, was rendered on the 12th of April, 1855, at the first Court which was held after the making of the award; so, that the appeal was to the first Court coming after the date of the award appealed from, and was within less than two months after the date of the award.

The Statute authorizing an appeal in this case, does not say within what time it is that the appeal is to be entered. Its language is, "with the right of appeal to either party, to be tried by a Special Jury, at the next term thereafter, of the Superior Court," &c. (*Acts of* 1851–'2, 192. *Acts of* 1845, 133.)

This would seem to imply, that if an appeal is in by the next term, so that it may tried at that term, the appeal will be good.

In *The State of Georgia vs. Dean,* this Court held an appeal, made in a case similar to this, to be good, which appeal,

though entered at the first term coming after the award ap-- pealed from, was not entered until the end of six months after the award had been made. The Act, too, governing that case, provided that appeals might be transmitted to the Clerk. No such provision is contained in this Act. Is it certain, therefore, that the *Clerk* can receive an appeal under this Act? Is it not the *Court* that, under this Act, is to receive an appeal? (9 *Ga.* 406.)

Be that as it may, according to the *decision* in *The State vs. Dean,* an appeal, at the first term, is good. And the force of this decision is not to be destroyed by an *obiter* intimation (it is no more) of the Court, that such appeals are to be made within a reasonable time, and that *four days* after the award is a reasonable time.

We think the decision of the Court below ought to be affirmed.