## FORTSON *vs.* MATTOX.

1. The removal of obstructions from a private way is a matter for the decision of the ordinary, not the court of ordinary, and a *certiorari* to a decision on such a matter will not be dismissed, because exceptions to the decision were not tendered at the time in writing. The *certiorari* falls under §4050, not §4052, of the Code.
2. The finding of the ordinary was not supported by the evidence, and a new trial was properly granted on *certiorari*.

Courts.   Ordinary.   Roads and Bridges.   Before Judge POTTLE.   Elbert Superior Court.   March Term, 1881.

Fortson filed his petition before the ordinary of Elbert county to have obstructions removed from a private way claimed across the land of Mattox. On the hearing the ordinary ordered that the obstructions be removed within forty-eight hours. Mattox carried the case to the superior court by *certiorari*. The answer of the ordinary showed that the testimony before him was to the effect

that the private way (without other description), not more than fifteen feet wide, had been in use by the petitioner and worked by him and his neighbors for thirty or forty years. The evidence on behalf of the defendant conflicted with this as to the working of the way. Exceptions were filed to the answer, and an amendment filed to the effect that the ordinary refused to hear testimony as to the change of the road over any other land than that of Mattox, and that he ruled that the question was, whether the road was a private way, as required by law, and had been in use for seven years, and declined to hear testimony as to other ways being nearer and better ways to market.

On the hearing defendant in *certiorari* moved to dismiss it, because no bill of exceptions to the decision of the ordinary had been tendered under §4050 of the Code. The court overruled the motion, and sustained the *certiorari*, whereupon Fortson excepted.

WORLEY & CARLTON, for plaintiff in error.

P. W. DAVIS; JOHN R. SHANNON, by L. E. BLECKLEY, for defendant.

JACKSON, Chief Justice.

We do not think this *certiorari* falls within section 4050 of the Code, but under section 4052. The jurisdiction is that of the ordinary, and not of the court of ordinary. By act of 1872, p. 60, sections 737 *et seq.* of the Code, private ways and the removal of obstructions thereon are under the jurisdiction of that officer, who, on three days' notice, acts upon petitions to remove the obstructions as ordinary, and not at regular terms of the court as a court of ordinary. His action is that of an inferior judicatory, and not of the court of ordinary sitting regularly and constituted to try matters touching estates, and other mat-

v 67—19

·ters of like character devolved upon courts of probate of wills, etc.

The motion to dismiss the *certiorari*, therefore, because the exceptions were not in writing, taken at the time under section 4050, was properly overruled.

2. The facts disclosed in the record by the answer of the ordinary are not sufficient to authorize his judgment thereon, and the court was right in sending the case back for a new hearing thereon. Assuming the answer to be true, and thus deciding the traverse in favor of the defendant in *certiorari*, it does not appear in what state or county the road was located, nor where it began and terminated, nor what sort of way it was, nor what obstruction, and how it impeded the use of the road. No court would be authorized to found a judgment on ⅃e total want of evidence on these vital facts, and the cause ought to be tried again, the judgment being without evidence, and therefore contrary to law.

Judgment affirmed.