HENDRIX & McBURNEY vs. MASON.

| 70 | 523 |
| 107 | 728 |
| d109 | 178 |
| 70 | 523 |
| 122 | 28 |
| 70 | 523 |
| 124 | 985 |
| 70 | 523 |
| 128 | 60 |

[This case was brought forward from the last term, under §4271 (a) of the Code ]

1. The statute requires that the applicant for a writ of *certiorari* should give a bond in order to obtain the writ (leaving out cases *in forma pauperis*); but where, on an application for *certiorari* from a justice's court, a proper bond was given to the justice and accepted by him, the fact that the signatures were attested by a mere commercial notary instead of by the magistrate, will not require the dismissal of the *certiorari*.

2. The constitutional provision allowing an appeal to a jury in the justice's court, under such regulations as should be prescribed by law, did not become operative until legislative action prescribing regulations. This was done by the act of 1878. Under that act, a right of appeal to a jury in a justice's court exists in all cases tried therein; in cases involving more than fifty dollars, the right of appeal to the superior court was preserved as it existed before that act.

(a.) The statements in 65 *Ga.*, 556, apparently conflicting with these views were *obiter dicta;* to correct this seeming discrepancy, the act of 1882, doubtless, was passed.

3. Where an appeal was entered in good faith, but the bond was irregularly executed, it could be amended, no harm being done thereby to the opposite party.

February 20, 1883.

*Certiorari.* Justice Courts. Bonds. Amendment. Before Judge HILLYER. Fulton Superior Court. April Term, 1882.

Hendrix & McBurney sued Mason in the justice's court of the 1026th district G. M., on an open account for $75.00.

When the case was called for trial, the defendant not being present, judgment was rendered for the plaintiffs. Two days later, G. W. Adair, the duly authorized agent and attorney in fact for Mason, the latter being sick, went to the office of the justice of the peace and offered to enter an appeal to a jury in that court. He proposed to deposit an amount of money as security, if necessary. The justice responded that this was not necessary, but that Adair could sign as security. It was the intention of the latter to do so, and he thought he had done so, until a motion was made to dismiss. In fact, however, he merely signed his name once, and the magistrate prepared the balance of the paper, which was in the following form :

"And now comes the defendant by his attorney at law, G. W. Adair, in the above stated case, within four days from the rendition of said judgment, and having paid all cost that has accrued up to date, appeals the same to a jury in said court, and tenders as his security on said appeal. October 28th, 1881.        JOHN MASON, [Seal.]
    Approved.                    B.      G. W. ADAIR, Att'y."

When the case was called for trial on the appeal, a motion was made to dismiss it because no security had been given. Adair made affidavit to the facts stated just above, and offered to sign as security. This was refused by the magistrate, and the appeal was dismissed. Defendant applied for a writ of *certiorari.* The bond given by him for that purpose was not attested by the magistrate, but by a commercial notary; but immediately following it in the record appears the certificate of the magistrate as to the payment of costs. When the case was called in the superior court, a motion was made to dismiss the *certiorari* because the bond was not properly attested. The motion was overruled, and the case remanded for trial before a jury in the justice's court, the presiding judge holding that the appeal bond was amendable. Plaintiffs excepted, and assigned error in the following rulings :

(1.) In refusing to dismiss the *certiorari.*

(2.) In holding the appeal bond amendable.

(3.) In remanding the case for a jury trial in the justice's court.

SPEAIRS & SIMMONS, for plaintiffs in error.

MYNATT & HOWELL, for defendant.

JACKSON, Chief Justice.

The superior court sustained a *certiorari* to a justice's court, granted to John Mason against Hendrix & McBurney; whereupon the latter excepted, and assign for error that the superior court erred, first, in not dismissing the writ of *certiorari* because the bond was executed before a commercial notary public; secondly, in sustaining the *certiorari* and remanding the case for trial before a jury in the justice's court; and thirdly, in holding that the appeal bond for jury trial in the justice's court was amendable.

1. The statute requires that the applicant give a bond, in order to obtain a writ of *certiorari*, but does not prescribe before whom it is to be executed. Code, §4054. The act of 1811, from which this section is codified, requires that the bond be given to the magistrate, but does not prescribe that it shall be executed and attested before him. Cobb's Dig., p. 523. In this case, it appears to have been given to the justice, for he certifies to the payment of costs thereon, his certificate appearing immediately under the bond in the exhibit to the petition for the writ of *certiorari* to him, though it was executed before the notary public. The mere ministerial act of witnessing the execution of the bond by the notary cannot vitiate it any more than the ministerial act of taking the affidavit to foreclose a mortgage would vitiate that proceeding. 50 *Ga.*, 426, 434. The bond is legal and secures the debt. The magistrate, when it is handed to him, or given to him, to be sent up with his certificate as to costs being paid, may, if he wishes, require the surety to justify, under §4055 of the Code.

The execution and attestation before the notary will not prevent this. At all events, a good bond being given, and executed before a notary, the court did not err in overruling the motion to dismiss the writ.

2. The *certiorari* was properly sustained and the cause remanded for trial before a jury in the justice's court. The constitution of 1877 prescribes that " in all cases there may be an appeal to a jury in said court, or to the superior court, under such regulations as may be prescribed by law." Code, §5163. In 61 *Ga.*, 74, it was held that, until regulations were prescribed by the legislature, this clause could not operate, for want of machinery, and that the old law of appeal remained. This is the entire scope of that judgment.

Afterwards a law was enacted in 1878, which declares that " in any civil case in a justice court, either party dissatisfied with the judgment of the justice may, as of right, enter an appeal to a jury in said court, under the same rules as now regulate appeals to the superior court." After that act, the provision in the constitution became operative by the rules and regulations therein adopted, which were the same as those rules which then regulated appeals to the superior court. Code, §4157 (a).

True, by the same act an appeal to the superior court was allowed too, where the debt was more than fifty dollars; but that cannot be construed to annul the former right in the preceding section. Code, §4157 (b). Nor is the effect of the act, as codified, at all altered, if reference be had to the original act, pamph. p. 18, or acts of 1878-9, p. 153-4. The first section is codified in §4157 (a) of the Code; the second, is codified in §4157 (b); both are correctly codified. The ruling in the 65 *Ga.*, 556, on the facts made, is to be found in the head-note. It is simply that, after trying an appeal, it is too late to *certiorari*. The dictum that " in cases less than fifty dollars " the appeal is " to a jury in the justice court; in cases over fifty dollars, to the superior court," is *obiter*, and not an adjudica-

tion of the law on the facts of that case. If the general assembly thought that this court had so ruled, and legislated in 1882, acts of 1882, p. 44, to remedy the ruling, it acted under a misapprehension of the facts, for the court was not construing the act of 1878, nor did the judge delivering the opinion have it before him, or refer to it.

3. There was no error in allowing the appeal bond to be amended, or in ruling that it might be done. They are always amendable. Code, §3505; 63 *Ga.*, 607, and numerous cases there cited from 1st Kelly down. The only exception is, if the appeal be entered in good faith, however irregularly, that no harm is done the other party. Here none is done. Adair is bound beyond all doubt. The debt is secured, and the plaintiffs are not hurt. See same case and those cited there.

There can be no doubt that Mason got Adair to enter the appeal in good faith, as his attorney in fact; that Adair meant to sign as surety and thought he had done so, but leaving it to the magistrate to write everything but his name, "attorney" instead of "security" was affixed to his name with " B." before it, meaning, as the magistrate intended by writing it, "By;" and in the body of it, by the same error, the magistrate wrote him as attorney at law, instead of attorney in fact. It was clearly a mistake all around, as the affidavit of Adair abundantly shows; and the bond should have been amended. Mason was sick, providentially hindered from being at court, got his friend to enter his appeal, acted in the utmost good faith throughout, and should, in all justice and good conscience, as well as in law, have a day in court which sickness prevented his having before.

Judgment affirmed.