## DAVIS v. LUMPKIN.

The right of a wife, under sections 2040 et seq. of the Code of 1873 (Civil Code, § 2866 et seq.), to have a homestead set apart out of her husband's property depends upon his refusal to do so. A schedule filed by her for this purpose, in which it was merely alleged that he neglected or refused to file the same, does not unequivocally show a refusal on his part; and consequently a homestead purporting to have been thus set apart was not valid as against one to whom the husband subsequently conveyed the land embraced therein.

Argued December 15, 1898. — Decided March 4, 1899.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1898.

*C. J. Haden* and *J. L. Travis*, for plaintiff.
*Alexander & Lambdin*, for defendant.

Cobb, J. Mattie L. Davis brought her petition alleging that on June 7, 1879, she as the wife of Vincent Davis had applied to the ordinary and had set apart for her benefit and for the benefit of the family of Vincent Davis certain of his property under sections 2040 et seq. of the Code of 1873. (Civil Code,

§ 2866 et seq.)   It was alleged that Davis was in possession of the property at the time of the application, and he being at that time a debtor and insolvent, and "failing and refusing" to apply for the exemption, petitioner had made the application.   It was further alleged that Davis, without the knowledge or consent of petitioner, had conveyed the property to one Hill, who had in turn conveyed a part thereof to the defendant Lumpkin.   The prayers of the petition were, that petitioner have judgment against the defendant for mesne profits which he had received and collected since he went into possession of the property, and that judgment be rendered restoring to her the land, and that defendant be restrained from interfering with her possession.   Attached to the petition was a schedule of the property sought to be exempted, which was headed: "Schedule of real and personal property belonging to Vincent Davis (he neglecting or refusing to file the same) as exempt from levy and sale under section 2040 of the Code of Georgia and amendments thereto, for the benefit of the family of said Vincent Davis, consisting of himself and the said Mattie L. Davis."   The defendant demurred to the petition, on the ground, among others, that "the homestead as shown by the exhibit attached to plaintiff's petition is invalid in that it does not state in express terms that the husband refused to apply for said homestead or that he had notice of the application therefor."   The demurrer was sustained, and the plaintiff excepted.

In our opinion the demurrer was properly sustained.   The code provides that every debtor who is the head of a family, or "if he refuses" his wife, may have certain property set apart as exempt from levy and sale.   Civil Code, §§ 2866, 2867.   In the case of *Dunagan* v. *Stadler*, 101 *Ga.* 474, it was held that the ordinary, when he approved the schedule and plat required in an application for the constitutional homestead as provided in sections 2827 et seq. of the Civil Code, acted as a court of general jurisdiction; and hence that it would be presumed, unless the contrary appeared, that he had before him sufficient facts and evidence to authorize the setting apart of the homestead.   The reasons which brought the court to this conclusion are fully set forth in the opinion of Mr. Justice Little in that

case.    The ordinary in this State has judicial, clerical, minis-
terial, and executive duties to perform.    The duties devolving
upon him as judge of the court of ordinary are enumerated in
section 4232 of the Civil Code.    His clerical and ministerial
duties are prescribed in section 4250; and certain of his duties
of an executive nature are set forth in section 4238.    It be-
comes necessary in the present case to determine the capacity
in which that officer acts when performing the duties prescribed
in sections 2866 et seq. of the Civil Code.

The act of December 23, 1822, which was the origin of
the law now contained in these sections, provided that certain
personal property of every debtor should be exempt from levy
and sale.    It was further provided that in cases where any
debtor was entitled to the benefit of the exemption it should
be the duty of the officer levying the execution against him to
make out a schedule of the exempted articles and return the
same to the clerk of the inferior court, whose duty it should be
to record the same in a book kept by him for that purpose.
Nothing else was required to be done, but as soon as the sched-
ule was recorded the property vested in the inferior court for
the benefit of the family of the debtor so long as he should re-
main insolvent.    Cobb's Dig. 385.    This law with various
amendments passed from time to time, one of which added an
exemption of realty, is contained in sections 2013 et seq. of the
Code of 1863.    By section 2014 of that Code it was provided
that when any debtor refused to seek the benefit of the ex-
emption allowed in the preceding section, his wife, or some
person acting as her next friend, might have the exemption
allowed by making out a schedule and description of the prop-
erty claimed to be exempt and returning the same to the clerk
of the inferior court, who should record the same in a book
kept for that purpose.    It was provided by section 2015, that
whenever an application for exemption was made by an in-
solvent debtor, the county surveyor should lay off the land al-
lowed to the debtor's family and make a plat of the same,
which should be returned to, and recorded by, the clerk of the
inferior court.    Up to this point it will be seen that the infe-
rior court as a court passed upon no question connected with

the setting apart of the exemption, everything that was done being of a clerical nature performed by the clerk of the court. Section 2016 is as follows: "Should any creditor, for any cause, desire to dispute the propriety of the survey, or the value of the improvements, upon application to the inferior court, and notice to the debtor, the said court may appoint three appraisers to view the survey, and to value the improvements, and on their return the said court may direct the surveyor to make such alterations as shall, in the judgment of the court, be conformable to law." The only jurisdiction that could be exercised by the inferior court in connection with setting apart the exemption was that involved in trying the objections which it was provided could be raised by creditors. The constitution of 1868 abolished the inferior court, and provided that the duties of such court should be transferred to such tribunals as the General Assembly might designate. Code 1873, § 5126. The General Assembly, acting under authority of this provision, cast upon the ordinary the duties which had devolved upon the inferior court and its clerk in the matter of setting apart property exempt from levy and sale under the act of 1822 and its amendments. Code 1873, § 2040 et seq.; Acts 1870, p. 74. At this time the ordinary was, and has ever since been, the clerk of his own court. Code 1873, § 341; Civil Code, § 4247.

It will thus be seen that the ordinary, in recording the schedule of the property and the plat of the realty of an insolvent debtor, took the place of the clerk of the inferior court, and that his duty in this respect was purely clerical. When, however, any creditor should appear and "dispute the propriety of the survey or the value of the improvements," the ordinary sat in the place of the inferior court to hear and pass upon the objections raised. See *Bangs* v. *McLeod*, 63 *Ga.* 162. The provisions of the Code of 1863 in relation to these matters are carried forward without substantial change into sections 2040 et seq. of the Code of 1882, and are now embraced in sections 2866 et seq. of the Civil Code. The judicial functions of the ordinary, as has been stated, do not begin until some objection is raised to the survey or the value of the improvements. It

is not necessary to decide in this case whether, in passing upon such objections, the ordinary acts as a court of general or of limited jurisdiction, as no objection was raised, and hence no judicial act was performed. Section 2868 of the Civil Code gives to a wife the right to have property of her husband exempted, "if he refuses." No provision is made for the husband to appear and object. His right to do so, however, is recognized by the decisions of this court cited hereinafter; but as to when such objections should be made and as to how they should be tried are questions not necessary to be determined in the present case. Before the ordinary is authorized to record the schedule filed by the wife it must appear therein that the husband refuses to file the schedule. Upon such refusal the wife is authorized to file, and the ordinary to record, the schedule of the property sought to be exempted. But if it does not affirmatively appear in the schedule that the husband refuses to file the same, the ordinary has no authority to record it, and the same, though recorded, is void on its face. *Connally* v. *Hardwick*, 61 *Ga.* 501; *Mutual Benefit Asso.* v. *Tanner*, 96 *Ga.* 338. It does not distinctly appear from the present record that the husband refused to file the schedule. The petition of the plaintiff does state that the husband refused to take steps to have the property exempted, but the schedule, which is attached to the petition as an exhibit, states that he neglected or refused to do so. Such an allegation does not unequivocally show that the wife had requested the husband to file the schedule and that he had refused to do so. The word "neglecting" coupled with the word "refusing" by the conjunction "or" weakens the meaning of the latter word and deprives it of its ordinary meaning, which carries the idea of an application to the person refusing. This being so, there never has been any legal exemption of the property, and the mere record of such a schedule constituted no obstacle to the making of a deed by the husband to the property described in the schedule. It follows that as to the husband and those claiming under him the homestead relied on by the plaintiff in this case was void.

*Judgment affirmed. All the Justices concurring.*