## NEAL v. NEAL.

1. Where the clerk of the superior court, in issuing the writ of certiorari, made a clerical error in dating it, the judge of that court may pass an order authorizing the clerk to correct such error, so as to make the writ bear the true date of its issuance.

2. When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common usees of the way thirty days notice in writing, that they may take steps to have it made permanent.    Pol. Code, § 673.

3. After written notice of an intention to close such a way has been given by the landowner, in order to make a permanent way, or establish one, in the absence of agreement on the part of the owner, or of prescriptive right, or of implication of necessity to the enjoyment of land granted by the same owner, the only mode of procedure is by compulsory purchase and sale through the ordinary, in the manner prescribed by law.

4. To authorize such a compulsory purchase and sale of a right of private way, proceedings must be had as prescribed by the code of this State, and, under the constitution, it must appear that such private way is a way of necessity.

5. If the application to the ordinary to establish or make permanent such a private way fails to allege that it is a way of necessity, it is demurrable.

Argued April 13, — Decided May 11, 1905.

Certiorari.    Before Judge Holden.    Glascock superior court. November 18, 1904.

J. W. Neal filed his petition to the ordinary of Glascock county, alleging; in brief, as follows:   He had been in constant and uninterrupted use of a permanent right of way or road over the lands of T. J. Neal for more than two years before it was closed and obstructed.    The ordinary, on proper proceedings filed for that purpose, on April 1, 1904, granted an order requiring T. J. Neal to remove obstructions which he had placed in such road.    Petitioner now desires that the private way be made permanent and be granted to him over the land, as T. J. Neal, the owner, has served petitioner with written notice of his intention to close the road.    Petitioner desires the road in order that he may go to and from his farm.    To this petition T. J. Neal filed a demurrer, one ground of which was that it did not appear from the application that there was any necessity to make such road permanent.    The demurrer was overruled by the ordinary, and after hearing the case he adjudged that the private way should be made permanent, and appointed commissioners to lay out the road pursuant to the provisions of the Political Code, § 664.    A petition for the writ of cer-

tiorari was presented to the judge of the superior court, who, on May 23, 1904, sanctioned it, and ordered that "the writ of certiorari be issued by the clerk of this court in terms of the law." The writ issued by the clerk bore date April 16, 1904. When the case was called, counsel for defendant in certiorari moved to dismiss it, because the writ was dated April 16, when there was no certiorari bond, or certificate as to payment of costs, filed with the clerk until June 11, 1904. Over objection of counsel for defendant in certiorari the court permitted the clerk to testify that he in fact issued and signed the writ on June 11, 1904, after the bond and certificate were filed with him, and that the date affixed to the writ was a mere clerical error; and thereupon, an order was passed allowing the date of the writ to be corrected so as to represent the actual date when issued. After hearing the case, the presiding judge held that the ordinary erred in overruling the demurrer to the petition, and ordered that it be dismissed. Defendant in certiorari excepted.

*B. F. Walker*, for plaintiff.　　*Rogers & Stephens*, for defendant.

LUMPKIN, J. (After stating the facts.)　1. When a petition for certiorari has been sanctioned, and the writ issued, on the hearing in the superior court the petition can not be amended. *Singer Mfg. Co.* v. *Walker*, 72 *Ga.* 649; *Western & Atlantic R. Co.* v. *Jackson*, 81 *Ga.* 478. But the writ of certiorari itself is issued by the clerk of the superior court under the sanction of the judge, and if, as clearly appears here, the clerk by some accident affixed an erroneous date to it, the judge of the superior court had authority to pass an order to have the clerical error corrected, so that the writ issuing out of that court should speak the truth. Civil Code, §§ 5118, 5119.

2-5. Ownership of land carries with it ordinarily the right of exclusive possession; and this is not to be destroyed or taken from the owner except in some mode prescribed by law. A right of private way over the land of another may be acquired in one of four methods: first, by express grant; second, by prescription; third, by implication of law, when such right is necessary to the enjoyment of lands granted by the same owner; fourth, by compulsory purchase and sale through the ordinary, in the manner prescribed by the code. Civil Code, § 3065. In this case it does

not appear that the right of private way had been acquired in any one of the three first-mentioned modes.    The owner of the land had obstructed a road which had been used as a private way across it for more than one year, without giving the common users thirty days written notice of his intention to close it, as required by the Political Code, § 673.    Upon application to the ordinary he required the obstruction to be removed.    The owner then gave to the common users written notice of his intention to close the road after the lapse of thirty days.    One of the common users thereupon applied to the ordinary, setting out these facts, and asking that the road be "made permanent, and be granted to him over the land of said T. J. Neal."    The application did not state that the road was one of necessity, and on this ground, and another unnecessary to set out, the landowner filed a demurrer.    It was overruled by the ordinary.    It is contended by the plaintiff in error that he did not have to allege the existence of any necessity for the way, but that he had a right to have it "made permanent," without regard to the question of necessity.

The only mode provided by law for the ordinary to grant or establish private ways, is that set out in sections 661 to 666 of the Political Code.    In section 661 the expression used is, "to grant private ways."    In section 662 it is said that such ways must be kept open and in repair by the person on whose application "they are established."    In section 664 it is said that after all persons over whose land such passway "is to be made" shall have had notice, proceedings shall be taken as prescribed.    In section 665 the expression used is, "if the person then over whose land the passway is conceives that he will be damaged thereby," etc.    It will thus be seen that no exact formula of words is used in these sections in reference to the proceeding, but they all refer to the same provisions of law by which a private way may be acquired in the fourth method referred to above.    The fact that section 673, after providing that thirty days notice shall be necessary from the owner to the common users before closing the road of the character therein described, adds "that they may take steps to have it made permanent," does not create any new or different method of acquiring a permanent private right of way. The constitution declares, that, "in cases of necessity, private ways may be granted upon just compensation being first paid by the

applicant." Constitution of 1877, art. 1, sec. 3, par. 1 (Civil Code, § 5729). This limits the power to take from the landowner, without his consent, a right of way, to cases of necessity. The fact that a private way has been used for as much as one year does not establish a way by prescription, nor does it prevent the owner of land from closing such way, but only requires him to give thirty days notice in writing to the common users, in order that they may take proper steps under other sections of the code, if they so desire. But if one of them does so proceed, he is subject to the constitutional limitation above quoted. *Charleston Railway Co.* v. *Fleming,* 118 *Ga.* 699, s. c. 119 *Ga.* 995; *Gaines* v. *Lunsford,* 120 *Ga.* 370; *Board of Commissioners* v. *Harris,* 71 *Ga.* 250; *Chattanooga Railroad Co.* v. *Philpot,* 112 *Ga.* 153; *Watkins* v. *Country Club,* 120 *Ga.* 45, 47.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*