2982.   ALDERMAN *v.* VALDOSTA, MOULTRIE & WESTERN RAILROAD CO.

A party who is dissatisfied with the award in condemnation proceedings which have been instituted to assess the damages to private property taken for public use, and who desires to appeal from the decision of the assessors to the superior court, is not required to give bond for the eventual condemnation money as in case of other appeals.

DECIDED JULY 25, 1911.

Appeal; from Colquitt superior court—Judge Merrill. October
7, 1910.

*Shipp & Kline, L. L. Moore,* for plaintiff in error.

*E. K. Wilcox, J. A. Wilkes,* contra.

RUSSELL, J. According to the record, the Valdosta, Moultrie
& Western Railroad Company, being unable to agree with Alder-
man, who owned certain real estate over which the company de-
sired to construct its railroad, instituted proceedings in accordance
with the provisions of sections 5208, 5209, 5218, 5220, and 5221
of the Civil Code (1910). Upon the hearing before the assessors
they returned a finding fixing the value of the land at $225,
awarding no consequential damages, and deducting nothing for con-
sequential benefits. From this award Alderman entered an appeal
to a jury in the superior court. He, however, did not give any
bond or security, and when the case was sounded for trial the
judge of the superior court sustained a motion to dismiss the ap-
peal, based upon the ground that no appeal bond had been given.

The only question presented for our determination is whether
one who is dissatisfied with an award in a proceeding brought
for the purpose of condemning private property for a public use,
and who desires to enter an appeal to the superior court, is re-
quired to give bond and security as in other cases of appeal. In
our opinion it is unnecessary to give bond in an appeal from the
award of assessors in condemnation proceedings. The learned
judge of the superior court who presided in this case, no doubt,
entertained the opinion that provisions of section 5228 of the
Civil Code (1910), which gives the right of appeal to the superior
court in condemnation proceedings, were to be construed as mak-
ing the same requirements as are made in regard to the appeals
mentioned in sections 4998 and 4999, and that, as a bond is re-
quired in these cases, a party dissatisfied with an assessor's award
should likewise give bond when entering an appeal therefrom.
We confess that at first we were not free from doubt upon the
subject. There is, however, a plain reason why, in appeals gen-
erally, the appellant should give bond and security for the event-
ual condemnation money, while there is no substantial reason why
any party who desires to appeal from the award of assessors in
condemnation proceedings should be required to give bond for the
eventual condemnation money.

If a public corporation is dissatisfied with the award and appeals in order to reduce the amount which it is required to pay for the property it takes for public use, and the consequential damages, it is unnecessary for it to give bond, because it can not acquire title to the property until it has paid the amount finally adjudged to be due to the property-owner. If the property-owner desires to appeal because in his opinion the award is unjust to him, either because no damages have been assessed, or because in his judgment the amount is too small, it would be a vain thing to require him to pay the eventual condemnation money, for in the very nature of the case he can not be liable to the corporation for any amount, even though the assessors might find that the consequential benefits to his land are greater than its original value, and therefore that he is not entitled to compensation. This states an extreme case. In no case could a railroad company or other public corporation be given a judgment against a land-owner for consequential benefits, because, no matter how beneficial the construction of the proposed public work might be, the landowner has not asked for the construction of the improvements, nor is he liable for benefits conferred upon him without his request or consent. Cases might be imagined where a public corporation, in order to proceed with the work, might pay the amount of the award and be unable to collect the sum allowed it by a jury, in case there was a reduction from the amount returned by the assessors; but this could not be reached by requiring the appellant to give bond, because, if the railroad was dissatisfied and entered an appeal, it, and not the appellee, would be the party to give bond. It would seem that, in any case of appeal from the award of the assessors in condemnation proceedings, the situation is such that, if the appellant should fail to sustain his contention, the appellee would not be injured by the appellant's failure to give bond, except in a case where the landowner might receive, upon his own appeal, a smaller finding than that awarded him by the assessors.

In a case where the public corporation, in order to proceed with the work, had paid the original award, and the landowner had in the meantime become insolvent, a judgment against him for the difference between the amount paid him by the corporation and the amount of the jury's verdict might be barren of

results.    This phase of the case, however, seems to have been in legislative contemplation, for the Civil Code (1910), § 5230, provides that, "If the amount so awarded by the assessors is less than that found by the final judgment, the company shall be bound to pay the sum so finally adjudged, in order to retain the property; and if it be less than that awarded by the assessors, the owner shall be bound to refund any excess paid to or received by him, and a judgment for such excess shall be rendered against him, *to be collected by levy as in other cases."* (Italics ours.)    The peculiarity of this verbiage would seem to clearly indicate that the legislature did not intend to require a bond in appeals from the award of assessors in cases of condemnation; for, if so, provision would have been made for the entry of judgment against the security as well as against the appellant himself, and a levy would have proceeded as in other cases of appeal, instead of "as in other cases" where a judgment is entered solely against the party himself.    It is to be noted, too, that there is no reference to any proceeding or remedy against a security in any of the sections which go to make up chapter 9 of the second title of the Code of Practice in the Civil Code.    Sections 5206-5246 relate to the condemnation of private property, while the practice of entering judgment against the security upon an appeal in other cases is familiar law.

As marking another difference between the appeal provided in cases of condemnations (Civil Code of 1910, § 5228), and the appeals provided for in chapter 1 of the second title of the Code of Practice, the latter must be entered within four days after the adjournment of the court in which the judgment was rendered, and express provision is made for security and the payment of costs (except in the case of executors, etc.); or, in case of inability to pay costs and give security, an affidavit in forma pauperis supplies their place.    The appeal in condemnation proceedings may be entered in writing within ten days from the time the award is filed, and no reference is made either to the payment of costs, the giving of a bond, or the substitution of an affidavit in forma pauperis; and in section 5246 it is expressly provided that a county may decline to accept the land which it seeks to condemn, in case the final judgment fixing the damages is for any reason unsatisfactory to the county authorities, by merely paying the costs.    Not

34

only from these instances, but also on account of the very nature of the case, we think it is clear that it was not the intention of the legislature, in cases of appeal from the award of assessors in condemnation proceedings, to require the appellant to give the security required in other cases of appeal. and we therefore think the judge of the superior court erred in dismissing the appeal in this case.

In those cases where the party seeking to condemn does not wish to proceed with the work, security would be unnecessary, because such party could not obtain the title or use of the land until the final judgment entered upon the verdict of the jury had been complied with; and the legislature seemed to think it just to let the landowner appeal without security, although there might arise cases in which the condemning party, having paid the full amount awarded by the arbitrators in order to proceed with the work, would find himself in a position where, by reason of the landowner's insolvency, he could not collect the judgment which the jury might award him on the trial of the landowner's appeal, for, even on the landowner's appeal, the award of the arbitrators might be lowered.                    *Judgment reversed.*