PORTER *v.* FOSTER *et al.*

ATKINSON, J. 1. The statutory provisions giving ordinaries authority to grant private ways over the lands of others to individuals to go to and return from their farms or places of residence (Civil Code, §§ 807-811) contemplate the grant of easements that did not exist, and provide due notice and a hearing for the owner of the land before his property is taken, and compensation for the injury done.

2. The statutory proceeding provided for in the Civil Code, § 825, for the summary removal of obstructions placed by an owner in a private way over his land, used by others, contemplates merely the removal of obstructions from existing private ways, and has no reference to taking the property of the owner of the land.

3. In proceedings under the Civil Code, §§ 807-811, to acquire private easements, the questions involved are different from those in a proceeding under section 825, to remove obstructions from an existing private way; and the notice required to be given to the landowner in each instance is different, as is also the judgment to be rendered by the ordinary.

4. There is no other provision of law which gives ordinaries jurisdiction to grant private ways over the lands of others, or to cause to be removed obstructions from private ways existing over lands of others, except as indicated in the preceding notes.

5. The statute in regard to ordinaries granting private ways over the lands of others contemplates, as a condition precedent to the jurisdiction of the ordinary in any instance, the filing of a petition as provided under the Civil Code, § 809, and the giving of twenty days notice in writing

of such application to all persons over whose lands the private way is to be made. Where written notice has been given, but not for the requisite time, and the owner of the land appears at the time and place fixed for the hearing, and moves to dismiss the application on the ground that the notice was not served within the time prescribed by law, it is erroneous to overrule the motion and proceed with the hearing.

6. Where it is desired to have the ordinary grant a private way over the lands of another, the applicant must petition the ordinary, setting forth particularly the distance and direction of such road, over whose land it is to go, through what improvements, if any, and their nature, and the special purposes for which it is desired. Civil Code, § 809. After filing such petition and giving notice in writing, if the ordinary is satisfied that the petitioner is entitled to a private way through the lands, it is the duty of the ordinary to appoint commissioners, as provided in the Civil Code, § 810, "to view and lay out such road so as to do the least possible damage and inconvenience to the landowners," and to make a report in writing and furnish copies thereof to all the parties, any one of whom has a right of appeal. These provisions of the code contemplate the location of a way to be selected by the commissioners, and not the mere adoption of an existing temporary way. *Neal* v. *Neal,* 122 *Ga.* 804 (50 S. E. 929); *Herndon* v. *Strickland,* 86 *Ga.* 323 (12 S. E. 642).

7. Allegations describing the courses and distance of an alleged existing way, and giving the names of the owners of the land through which it ran, and stating that the land was "improved or cultivated lands," were subject to demurrer on the grounds: (*a*) that it was not alleged that the designated way, if selected, would do the owner the least possible damage and inconvenience of any route over his land; (*b*) that it was not alleged through what improvements, if any, the proposed road would run, nor was it alleged that the way would not go through improvements on the defendant's land; (*c*) it was not alleged that the proposed way was not more than fifteen feet in width.

8. While the petition avers the existence of a private way alleged to have been acquired by prescription, there is no allegation that the defendant had placed any obstructions in it; and the petition could not be maintained as a proceeding to remove obstructions under the Civil Code, § 825.

9. When the law as announced in the foregoing notes is applied to the allegations of the petition, properly construed, it was error for the ordinary to overrule the demurrer to the petition; and the judgment of the superior court refusing a certiorari must be

*Reversed. All the Justices concur.*

NOVEMBER 17, 1916.

Certiorari. Before Judge Fite. Gordon superior court. August 30, 1915.

*J. G. B. Erwin Jr.,* for plaintiff in error.

*Starr & Paschall,* contra.