25701. TRUST COMPANY OF GEORGIA, executor *v.*
SMITH *et al.*

DECIDED NOVEMBER 14, 1936.

*Crenshaw, Hansell & Gunby, J. O. Gibson, John T. Coyle,* for plaintiff in error.
*R. A. Cooper, Hoyt H. Whelchel,* contra.

GUERRY, J. Louise Corbett Smith and others, as legatees under the will of R. J. Corbett, filed this petition in the court of ordi-

nary of Colquitt County against the Trust Company of Georgia, as executor under the will of R. J. Corbett. The petition alleged that R. J. Corbett died January 18, 1929, and the Trust Company of Georgia on March 4, 1929, qualified as executor under the will. The will provided that the estate should not be divided in kind but sold and converted into cash and divided among the legatees, and that, "I request that my property be not hastily sold at a sacrifice, and I authorize my executor to hold any part thereof that may be necessary to protect the interest of my estate for five years before disposing of the same." The will further provided: "I hereby authorize my executor to sell any of my property, real or personal, at public or private sale, with or without any order of court, using a sound discretion to the end that the best interest of my estate be preserved." The present petition was filed after the expiration of five years from the qualification of the defendant as executor, and prayed for a citation requiring said executor to settle his accounts. The petition further alleged that said executor "failed to exercise ordinary care and diligence in the management of said estate" in that defendant sold, at stated times, various itemized lists of shares of stock belonging to the estate, for less than one third of their fair market value.

On this petition a citation was issued to the Trust Company of Georgia, directing it to make full settlement of its administration of said estate. The citation provided that because the defendant executor was a resident of Fulton County, service be made on it by the sheriff of that county. As to those parts of the citation which alleged that it had failed to exercise ordinary care in the sale of the assets of the estate, the defendant filed a plea to the jurisdiction on the ground that it is a resident of Fulton County and that as to such cause of action the court of ordinary of Colquitt County had no jurisdiction over it or the subject-matter embraced therein. By demurrer and plea to the jurisdiction, defendant further contended that the court of ordinary had no jurisdiction of the subject-matter of said suit, for the reason that said proceeding involved intricate and difficult questions of law. It was further urged that the petition is addressed to the court of ordinary and that the ordinary and not the court of ordinary has jurisdiction over matters of this kind. The case was appealed to the superior court by agreement, without a trial in the court of

ordinary, and the judge of the superior court overruled all of the pleas and demurrers filed by defendant. Exceptions are here taken to these rulings.

■ There is no merit in the contention of the defendant that the petition should be dismissed on demurrer because it is directed to the court of ordinary and not to the ordinary. Code, § 113-2201, does provide that a distributee etc., may, after the expiration of one year from the grant of administration, cite the administrator "before the *ordinary* for settlement of his accounts." However, it is not true that because the petition is addressed to the court of ordinary the ordinary can not act thereon. By Code, § 2-3401, "the powers of a court of ordinary. . . shall be vested in an ordinary for each county. . . " Courts of review in this State have always treated "ordinary," and "court of ordinary," as interchangeable terms, even in citations for settlements. See *Langston* v. *Marks,* 68 *Ga.* 435; *Brantley* v. *Greer,* 71 *Ga.* 11(2); *Lyons* v. *Marks,* 142 *Ga.* 257 (82 S. E. 651); *Underwood* v. *Stanford,* 143 *Ga.* 325 (85 S. E. 102). To hold otherwise would be to hold contrary to the plain and obvious trend of our statutory law, to get away from technical pleading. Code, §§ 3-511, 81-114.

■ The Supreme Court transferred this case to this court and decided that "the case does not involve the construction of a will," and stated further that, "where the construction of a will is only incidentally involved," and is not a proceeding brought by the representative of the estate, or such other person seeking a construction of a will as a basis for some other relief, it becomes a question of law over which this court, and not the Supreme Court, has jurisdiction. We think it clear that if a non-resident of a county accepts appointment as an executor of an estate, subject to the jurisdiction of the ordinary of that county, that such executor is subject to a citation for settlement before the ordinary or court of ordinary of such county. *Usry* v. *Usry,* 82 *Ga.* 198 (8 S. E. 60).

We may now come to consider whether the proceeding in the present case involves such intricate and difficult questions of law as may be passed upon by a court of ordinary, and whether an allegation of negligence against the executor in the disposal of certain of the assets of the estate is one properly embraced in a citation for settlement, or is it a suit for damages which must be brought

in the county of the residence of such executor? As is stated in *Long* v. *Stanford,* 135 *Ga.* 823 (70 S. E. 645), it is recognized that an action by a creditor of an estate against the administrator of the estate to recover an indebtedness due by such administrator to the estate should be brought in the county of the administrator's residence and not in the county of his appointment. It will be noted, however, in that case the suit was not one for an accounting but an action brought directly against the representative of the estate who was a resident of a county other than that in which the administration was had. In *Hood* v. *Perry,* 73 *Ga.* 319, it is said: "The power of the ordinary is full, ample and complete to make an account, to hear evidence upon any contested question and settle finally between the guardian and wards, and to enforce such settlement by execution or attachment for contempt." In that case it was said that while a court of equity has concurrent jurisdiction with the ordinary in settlement of accounts of guardians (or administrators) that the jurisdiction of the ordinary is original and the court of equity concurrent. In settling accounts of the representative of an estate, his returns which have been allowed by the ordinary are considered as stated accounts, and the rule that any one who objects to a stated account must surcharge and falsify, applies. *Tate* v. *Gairdner,* 119 *Ga.* 133 (46 S. E. 73). The object of settling the accounts of the representative of an estate is to determine whether or not he has properly administered his trust. In the present case, it is to be presumed that the executor made his annual returns stating the sale of the property described in the petition for accounting. This sale, while made under power conferred in the will, is alleged to have been done negligently and without the exercise of ordinary care, and that as a result the estate failed to receive the fair market value of the property. The executor insists that such an issue may not be raised before the ordinary in a citation for settlement, for the reason that it involves intricate and difficult questions of law as well as the fact that it is not within the jurisdiction of the ordinary. In *Tarver* v. *Torrance,* 81 *Ga.* 261 (6 S. E. 177, 12 Am. St. R. 311), it was held in a citation for settlement proceeding brought by the administrator, that the heirs might properly bring in by their answer the question of due diligence of the administrator in handling said estate, and that on appeal, where a jury held that

the conduct of the representative of the estate was negligent, the verdict against such representative should be allowed to stand. It might be well to state, however, that in the *Tarver* case, supra, it was not alleged that the representative was a non-resident of the county and that no plea to the jurisdiction was filed by him. Schouler on Executors and Administrators, § 2480, says that a representative is always liable for losses resulting from a want of care which reasonable and prudent men bestow upon their own affairs. "A violation of duty, by the executor or administrator, such as renders him personally liable for mischievous consequences, the law styles a devastavit; that is, a wasting of the estate." Likewise in § 2496, it is said: "A representative is liable for improvident or negligent sale of assets." In *Paulk* v. *Roberts,* 42 *Ga. App.* 79 (155 S. E. 55), this court held that an illegal investment of the funds of an estate will subject the administrator to an action for devastavit. Code, § 113-2202, provides that in passing on settlements the ordinary may "proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and administrator." In *Cook* v. *Weaver,* 77 *Ga.* 9, 15, it is said that "make an account" means "ascertain by figures what is due after expenses etc." See also *Brantley* v. *Greer,* 71 *Ga.* 11; *Rogers* v. *Dickey,* 117 *Ga.* 819 (45 S. E. 71). With regard to the question being intricate and difficult, and thus depriving the court of ordinary and the superior court on appeal of jurisdiction, we quote from *Porter* v. *Watson,* 51 *Ga. App.* 848, 856 (181 S. E. 680) : "But to hold that in a citation for settlement he may not pass an order, because 'an intricate question of law may be involved,' would in all cases where such question is made take away the jurisdiction of his court to pass upon the matter. To do this would nullify the plain provisions of the Code section. . . What are 'intricate questions' is, sometimes largely a matter of opinion." In *Greer* v. *Burnam,* 69 *Ga.* 734, it was said: "The court of ordinary has some equitable powers in making settlements." In *Brantley* v. *Greer,* supra, it is said: "Where a proceeding originates in the court of ordinary, and calls upon executors and administrators to account, a citation is all the pleading that is necessary; and it would seem that this proceeding is a substitute for a bill to account and settle in equity, as that court has, by express enactment, concurrent jurisdiction for the purpose."

We are of the opinion that the proceeding was properly brought in the court of ordinary of Colquitt County. The executor having qualified in Colquitt County, although a resident of another county, was subject to a citation for settlement in the court of ordinary in Colquit County. We are also of the opinion that the petition set out certain matters, which if sustained, would amount to a devastavit, and that questions arising thereunder are not so necessarily intricate or difficult as to deprive the court of ordinary, and the superior court upon appeal, from jurisdiction over the subject-matter. The court did not err in any of the rulings complained of.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*