36577. ROGERS *et al.* v. ANDERSON *et al.*

DECIDED APRIL 25, 1957.

R. L. Carr, J. T. Grice, for plaintiffs in error.

C. L. Cowart, contra.

QUILLIAN, J. The learned trial judge in dismissing the appeal did not hold the rules regulating appeals from the ordinary's court applicable to those entered in cases instituted to remove obstructions from private ways. His judgment did point out that, Code (Ann.) § 83-120 having failed to prescribe any method of appeal, it should be held that the rules governing appeals to the superior court from the court of ordinary were applicable to those entered under the provisions of Code (Ann.) § 83-120, then it would follow that a bond would be required, as in appeals from the court of ordinary. Counsel for the appellant go further and urge that the ordinary and court of ordinary are held by this court to be interchangeable terms (*Trust Co. of Ga.* v. *Smith,* 54 *Ga. App.* 518, 520, 188 S. E. 469), that it has been held that it is not

the name of the ordinary but the performance of judicial functions within the jurisdiction of the ordinary that constitutes him judge of the court of ordinary (*Wofford* v. *Vandiver*, 72 *Ga. App.* 623, 627, 34 S. E. 2d 579), and that it was held by the Supreme Court that when the ordinary makes judicial decisions his capacity is that of judge of the court of ordinary. *Davis* v. *Lumpkin*, 106 *Ga.* 582 (32 S. E. 626). From these holdings he then draws the conclusion that the ordinary was sitting as the court of ordinary when he rendered his judgment in the present case, and hence an appeal from that judgment was, if it be regarded as regulated at all, controlled by the rules applicable to appeals from the court of ordinary embodied in Code § 6-201, which requires that the appellant give a bond. The contention is not correct.

The court of ordinary and the court having jurisdiction of cases relating to the removal of obstructions from private ways, though presided over by the same person in different official capacities, the same official, are entirely disassociated. *Little* v. *McCalla*, 20 *Ga. App.* 324 (93 S. E. 37); *Porter* v. *Foster*, 146 *Ga.* 154 (4) (90 S. E. 967); *Fortson* v. *Mattox*, 67 *Ga.* 282, 283.

The mode of entering appeals from one of these tribunals has no connection with and is inapplicable to that employed in appealing from the other.

The Act of 1953 found in Code (Ann.) § 83-120 providing that appeals may be taken from the judgment of the ordinary in cases brought to remove obstructions from private ways is not void for uncertainty. Where the legislature provides that an appeal may be taken, without prescribing the procedure by which such appeal is to be made, the courts uniformly interpret such provision to mean that the appeal may be taken in conformity with the general law of appeals, contained in Chapter 6-1 of the Code. *State of Georgia* v. *Dean*, 9 *Ga.* 405; *Hughes* v. *State Board of Medical Examiners*, 162 *Ga.* 246 (134 S. E. 42); *Armstrong* v. *Oglethorpe Bridge & Turnpike Co.*, 18 *Ga.* 607, 608.

It is held in *DeLamar* v. *Dollar*, 128 *Ga.* 57, 66 (57 S. E. 85): "The Constitution provides that the superior court shall have appellate jurisdiction 'in all such cases as may be provided by law.' . . . [Code, Ann. § 2-3904]. In construing a similar

provision in reference to appeals of cases in the justice's court, it was held that the provision in the Constitution was not self-executing, and therefore did not become operative until legislative action regulating the mode and manner of appeal. *Hendrix* v. *Mason,* 70 *Ga.* 523."

In short, the Constitutional provision guaranteeing the right of appeal must be made available by implementation of statute law prescribing the procedural processes to be employed in taking the appeal.

This simply means that when the Constitution confers upon the General Assembly authority to create a remedy or direct a mode of procedure the Constitutional provisions do not have the effect of granting the remedy or prescribing the mode of procedure until implementation by a valid legislative act.

The conclusion is inescapable that Ga. L. 1953, p. 519 (Code, Ann., § 83-120) does not itself provide any mode of appeal. Its validity is saved only by the supplementation of the general rules governing appeals. This being true, an appeal made in accord with Code (Ann.) § 83-120 must be made in conformity with the general laws contained in Chapter 6-1 of the Code. A bond was necessary to perfect the appeal; the trial judge did not err in dismissing it on motion.

In this connection it should be observed that generally, where a statute providing a mode of appeal does not require that a bond be given by the appellant, a bond is unnecessary. The exception to this general rule is that where in the statute granting the right of appeal in a particular legal proceeding, no method of appeal is provided, then, as in this case, the only method of appeal that can be employed is that which exists under the general law. If a statute fixing the rule under which an appeal in a class of cases is imperfect or incomplete in any respect, only in that it omits some necessary element to make the right of appeal it undertakes to confer, the general law of appeals applies to the extent that such statute is insufficient. The requirements of the general law regulating appeals, that a bond be given by the appellant, may be omitted from a valid statute providing the mode in which appeals from inferior judicatories may be made to the superior court in a particular class of cases. If the statute,

which does not make the giving of a bond a requisite to the appeal, be otherwise complete, appeals may be taken under its provisions and not those of the general law embodied in Chapter 6-1 of the Code. There are yet other instances where, from the very nature of the case, it appears that the appellee could not be injured by the failure of the appellant to file a bond, and in those instances none is required. *Alderman* v. *Valdosta, M. &c. R. Co.*, 9 *Ga. App.* 526 (71 S. E. 931). But this is not such a case. The rights of an appellee in proceedings to remove an obstruction from a private way may be prejudiced by the appellant's not giving an appeal bond. But where a statute provides for appeal in certain cases and entirely fails to prescribe the manner in which appeals are to be entered in the class of cases it deals with, then, as this opinion has indicated, the appellant is relegated to the processes provided by Chapter 6-1 of the Code, which includes the requirement that an appeal bond be filed by the appellant.

*Judgment affirmed. Gardner, P. J., Carlisle and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, C. J., dissenting. Code § 6-101 provides for appeal in cases tried by a county judge or a justice of the peace. Code § 6-105 provides: "The appellant (except as hereinafter provided) shall, previously to obtaining such appeal, pay all costs which may have accrued in the case up to the time of entering such appeal, and give bond and security for the eventual condemnation money." Code § 6-105 was lifted from the Act of 1799, Cobb, 494, which act provides only for appeals from jury verdicts. If we construe Code § 6-105 as meaning what the words meant in the Act of 1799, the section would not apply to appeals provided for in § 6-101. If we construe Code § 6-105 as the enactment of a new law by its codification and its particular place in the Code, it can only be interpreted to refer to appeals mentioned in Code § 6-101, giving effect to the use of the word "such" in Code § 6-105. It was not necessary for the General Assembly in 1953 to provide within what time the appeal had to be taken or how to perfect it or to provide a bond as a prerequisite. Code § 6-102 is a section which applies to all appeals of every description where the time therefor has not been

specifically otherwise provided by law. Code § 6-105 is sufficient provision for the procedural requirements in appeals such as we have here. My conclusion is that the Act of 1953 is a valid provision for the appeal therein dealt with without the necessity of filing a condemnation money bond, and that there is no provision in Chapter 6-1 of the Code which provides generally for condemnation money bonds as a prerequisite to an appeal.

*Townsend, J., concurs in the foregoing dissent.*