## 55553. CITY OF ATLANTA et al. v. CAGLE.

SHULMAN, Judge.

This court granted an interlocutory review in this case. The sole issue presented is succinctly stated in appellant's brief: "Did the trial court err in failing to dismiss the complaint of the Plaintiff [appellee herein] for insufficiency of service of process when no personal service has been had on any of the defendants and the only service of Plaintiff's complaint is by first class mail. . ." For the reasons which follow, we conclude that the trial court erred in refusing to dismiss the complaint. Accordingly, we reverse the judgment.

The facts are not disputed. Appellee, a police officer in the City of Atlanta, filed an application for disability benefits with the Board of Trustees of the Policemen's Pension Fund. The board denied the application. Appellee filed an appeal of the board's ruling in the superior court and attempted to perfect service by first class mail. No personal service was made.

1. The right to appeal under the facts of this case is governed by Ga. L. 1933, p. 213, Sec. 7 (a), as amended by Ga. L. 1953, p. 2707, Sec. 4. That law authorizes an appeal from determinations of the Board of Trustees of the Policemen's Pension Fund and provides that "[s]uch appeal shall be filed within thirty days after the decision of the board of trustees is rendered. The same shall be served on the opposite party or his attorney by delivering

to him a copy thereof."

2. Contrary to appellee's contentions, Code Ann. § 6-902 (a), which authorizes service by mail as a means of perfecting service, does not apply. The legislature has provided that an appeal from the board's decision may be taken to the superior court and has prescribed the method by which such appeal is to be made. Compare *Rogers v. Anderson,* 95 Ga. App. 637 (98 SE2d 388); and *Slocumb v. Ross,* 119 Ga. App. 567 (168 SE2d 208).

3. What, then, satisfies the procedures required by the law authorizing the appeal? The method of service requires delivery of a copy to the opposite party or his attorney. The appellee attempted to perfect service by first class mail.

Delivery of a copy to the opposite party or his attorney "should be construed to require personal service, as at common law, unless the contrary intent plainly appears or unless some other mode has been established by long and recognized practice to the contrary. [Cit.]" *Gornto v. City of Brunswick,* 119 Ga. App. 673 (2) (168 SE2d 323). "If the legislature desires to make some other method of service sufficient, substituted service may be provided for by [law] . . ." *Atwood v. Hirsch,* 123 Ga. 734, 735 (51 SE 742). The legislature has not so provided in the statute which authorized the appeal in this case.

"As service by mail does not constitute personal service, it is wholly inadequate in this case. It is no service at all." *Dunn v. Dunn,* 221 Ga. 368, 370 (144 SE2d 758).

Because service was not properly perfected and there are no facts appearing from the record to show a waiver of service, the trial court erred in refusing to dismiss the case.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED JUNE 20, 1978.

*Ferrin Y. Mathews, J. M. Harris, Jr., John R. Myer,* for appellants.

*John G. Shumaker,* for appellee.