PEOPLE *ex rel.* RICKETTS *v.* MOORE, Police Justice, *et al.*

SAME *ex rel.* LOUCKS *v.* SAME.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

1. JUDGMENT—VOID JUDGMENTS—NEED NOT BE REVERSED.

A judgment rendered by a private individual, illegally assuming to act as a justice of the peace, being absolutely void, requires no reversal by *certiorari*, any more than would the act of any trespasser.

2. JUSTICES OF THE PEACE—APPEAL FROM—CERTIORARI.

Assuming that the police justice of the village of Johnson has the jurisdiction of a justice of the peace over suits between private parties, the statutory provisions for appeals from justices of the peace must apply to his judgments, and hence *certiorari* is not the proper remedy.

On *certiorari*.

These are proceedings by writ of *certiorari* to review the judgments rendered by the respondent Dewitt C. Moore, police justice of the village of Johnstown, in two actions, in the first of which Mary Jane Moore was plaintiff, and the relator, Benjamin Ricketts, was defendant, and in the second of which Lydia Kennedy was plaintiff, and the relator, Samuel Loucks, was defendant.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Frank B. Lowman,* for relator Ricketts. *P. Keck,* for relator Loucks. *Andrew J. Nellis,* for respondent.

LEARNED, J. Dewitt C. Moore is police justice of the village of Johnstown. Mary Jane Moore commenced (or claims to have commenced) before him a civil action against the relator to recover certain chattels. The summons was served, and the property taken by a constable. Thereupon an answer was put in, and judgment was finally given for the plaintiff. Objections were taken on the hearing sufficient to raise the point here presented. The defendant then brought this *certiorari.* He claims—*First,* that the police justice had no jurisdiction whatever to try a civil action, or at least only when the village is a party; *second,* that, if he had jurisdiction, there were errors in the proceeding; *third,* that the proof did not sustain the cause of action.

As to the first ground, the relator does not claim that there was simply no jurisdiction of his person, or that there was any defect in the process. But he claims that the police justice had no jurisdiction whatever to hear or try any such case; that he was really nothing but a private individual, illegally assuming to act as a justice of the peace. Now, if this be so, the acts of the police justice are void, and constitute no justification to any one acting under them. All persons concerned in executing them are considered as trespassers. *Elliott* v. *Peirsol,* 1 Pet. 328; *Bank* v. *Judson,* 8 N. Y. 254; *Bigelow* v. *Stearns,* 19 Johns. 39. There is no need of any reversal by writ of *certiorari,* any more than there would be need of such a writ to reverse the acts of any trespassers.

As to the second and third grounds above stated, if the police justice had jurisdiction, then it is the jurisdiction of a justice of the peace, according to the statutes which are cited by the parties. If he has the jurisdiction of a justice of the peace, then the provisions for appeals from judgment of justice of the peace must apply. It is not to be supposed that the jurisdiction of a justice of the peace was given him, and that his judgments were not to be reviewed by appeal, as in similar cases before justices of the peace. An appeal has already been taken in accordance with this view, and is pending. If the police justice has this jurisdiction of a justice of the peace in certain specified cases only, and the present is not one of those cases, then, as an appeal has been taken to the county court, it will be for that court to decide whether it can reverse the judgment, or whether it must dismiss the appeal, and leave

the party aggrieved to his remedy by action. We do not pass on that question. We only say that, if the proceedings can be reviewed, they should be reviewed as proceedings before a justice of the peace. And if the police justice was without jurisdiction, *certiorari* is not needed, even if it might lie. In our discretion, then, we think that the *certiorari* should be quashed, but without costs.

The *certiorari* against the same defendant, in which Samuel Loucks is relator, was brought to review summary proceedings to remove a tenant. The same views apply, and the same decision is made. In each case *certiorari* quashed, without costs.

INGALLS and LANDON, JJ., concurring.