DODD et al. v. ECKER.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

JUSTICES OF THE PEACE—VENUE—CONSTRUCTION OF STATUTE.
 The jurisdiction conferred on justices of the peace by Code Civ. Proc. § 2869, as amended (preliminary clause), providing that "an action must be brought before a justice of the peace of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases," is not enlarged by subdivision 2, providing that, "where the plaintiff is not a resident of the county, * * * it must be brought in the town where the defendant resides or in any adjoining town thereto," which is, therefore, not an exception, but surplusage. The jurisdiction conferred by the preliminary clause and subdivision 2 is, therefore, limited by subdivision 5, which provides that "in any town adjoining an incorporated city, no justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city, unless at least one of the parties to the action is a resident in the town."

Appeal from Albany county court.

Action by Frank H. Dodd and others against Jerome W. Ecker. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Jerome W. Ecker (Peter A. Delaney, of counsel), for appellant.
Spalding & Daring (S. J. Daring, of counsel), for respondents.

PUTNAM, J. The plaintiffs, nonresidents of the county of Albany, commenced this action against the defendant, a resident of the city of Albany, before a justice of the peace of the adjoining town of Bethlehem. The defendant did not appear, and the plaintiffs obtained judgment for $32.90 damages and costs. The defendant appealed to the county court of the county of Albany, and with his notice of appeal served an affidavit showing the facts above stated. This practice was sanctioned in Larocque v. Harvey, 57 Hun, 266, 10 N. Y. Supp. 576, and cases therein cited. The judgment of the justice was affirmed by the county court, and the defendant has appealed to this court, and claims that under the provisions of section 2869 of the Code of Civil Procedure the justice of the town of Bethlehem had no jurisdiction of the action. The section referred to, as amended, now reads as follows:

"An action must be brought before a justice of the peace of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in one of the following cases:

"(1) Where the defendant has absconded from his residence, it may be brought before a justice of the town or city in which the defendant, or a portion of his property, is at the time of the commencement of the action.

"(2) Where the plaintiff is not a resident of the county, or if there are two or more plaintiffs when all are non-residents thereof, it must be brought in the town where the defendant resides, or in any adjoining town thereto.

"(3) Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city, in which he is at the time of the commencement of the action.

"(4) Where it is specially prescribed by law, that a particular action may be brought before a justice of the town, city, county, or district, where an offense was committed, or where property is found.

"(5) In any town adjoining an incorporated city, no justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city, unless at least one of the parties to the action is a resident of such town."

It will be observed that under the first or preliminary clause of the section the plaintiffs' action was authorized before the justice of the peace of the town of Bethlehem unless prohibited by the provisions of subdivision 5. It was an action before a justice of the peace of a town or city adjoining a town or city where the defendant resided. Subdivision 2, under the provisions of which plaintiffs claim the justice had jurisdiction of the action, provides that where the plaintiff is not a resident of the county, the action must be brought in the town where the defendant resides, or in an adjoining town thereto; the word "city," contained in the first part of the section, being omitted from the subdivision. This subdivision, as now amended, does not enlarge or change the jurisdiction conferred by the preliminary clause, under which the justice was given jurisdiction of an action brought by a nonresident plaintiff against a defendant residing in an adjoining town, and might properly be omitted from the statute. Reading the preliminary clause and subdivisions 2 and 5 together, we find that they provide that an action must be brought before a justice of the peace of a town or city where one of the parties resided, or in an adjoining town or city; and where the plaintiff is a nonresident of the county it must be brought in the town where the defendant resides, or in an adjoining town, except that in any town adjoining an incorporated city no justice of said town shall have jurisdiction in an action brought by or against a resident of said city, unless at least one of the parties is a resident of said town. Reading these provisions together, it seems clear that the justice of the peace of the town of Bethlehem did not have jurisdiction of the action brought by the plaintiffs, nonresidents of the county of Albany, against the appellant, a resident of the adjoining city of Albany. We are cited by the learned counsel for the respondents to Iron Foundry v. Sanders, 77 Hun, 432, 28 N. Y. Supp. 808, as an authority to sustain his contention. In that case the provisions of subdivision 3 of section 2869 were considered. At the time that case was decided, subdivision 2 provided that an action by a nonresident plaintiff might be brought in any town of the county in which the plaintiff or his attorney were at the time of the commencement of the action; and thus conferred

jurisdiction in a case not provided for in the first clause of the section. It was held in the case referred to that the first four subdivisions of section 2869 operated to enlarge the jurisdiction of a justice conferred by the first or main clause; that those subdivisions related to special cases, and were exceptions to the limitations of jurisdiction contained in the preliminary clause; that subdivision 5 should be deemed an exception to the preliminary clause, and not to the other exceptions contained in the first four subdivisions. But, as we have seen, under subdivision 2, as now amended, a justice of the peace is given no greater or other jurisdiction than he has under the main clause of the section. That subdivision does not enlarge or change the jurisdiction of a justice of the peace. It is, in fact, surplusage, and, as suggested, might properly be omitted from the statute. Subdivision 2, as now changed, does not contain an exception to the limitations in the main clause. It is, in effect, a mere reiteration thereof, as applicable to one class of cases. Hence the authority cited does not conflict with the views herein expressed. The case may be considered as if subdivision 2 were not contained in the section, and hence the doctrine stated in the opinion in that case applies. "On the other hand, subdivision 5 operates to diminish the jurisdiction of the justice as given in the main clause. It is, in form at least, only applicable as an exception to the cases covered by the main clause. Reading them together, as they should be, it is provided that an action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except that in any town adjoining an incorporated city no justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city unless at least one of the parties to the action is a resident of such town."

The judgment of the county court and of the justice should be reversed, with costs. All concur.