(97 App. Div. 35.)

PEOPLE ex rel. GEGLIARDI v. MILLER, Sheriff, et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. JUSTICES OF THE PEACE—JURISDICTION—CHARTER OF CITY.
    Under Mt. Vernon City Charter, Laws 1892, p. 367, c. 182, § 53, providing that justices of the peace elected thereunder shall have the jurisdiction of justices of the peace of the several towns, and Id. p. 413, § 230, declaring said city, except as otherwise provided by the act, to be a town, to which all provisions of law not inconsistent with the act applicable to towns shall apply, said city is a town, within Code Civ. Proc. § 2869,

subd. 5, providing that, in a town adjoining an incorporated city, no justice of the town shall have jurisdiction of an action brought by or against a resident of such adjoining city, unless one of the parties is a resident of such town.

Appeal from Order of Westchester County Judge.

Habeas corpus proceedings, on the relation of Antonio Gegliardi, against Samuel C. Miller, sheriff of the county of Westchester, and others. From an order discharging relator from imprisonment, Miller and others appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Max D. Steuer, for appellants.

WILLARD BARTLETT, J. Phillip Stromberg was a resident of the city of New York. Orazio Gegliardi was a resident of the city of Yonkers. Stromberg brought an action against Gegliardi before a justice of the peace in the city of Mt. Vernon. The justice rendered judgment against Gegliardi and issued an execution against his person, upon which Gegliardi was committed to the county jail of Westchester county. The county judge, upon a writ of habeas corpus, has discharged Gegliardi from imprisonment under this execution; and Stromberg, the plaintiff in the execution, has appealed. The sheriff of Westchester county and the warden of the county jail have joined in the appeal.

Section 53 of the charter of the city of Mt. Vernon provides as follows:

"The justices of the peace elected under the provisions of this act shall have all the powers and jurisdiction, discharge the duties of and be entitled to the fees and compensation of justices of the peace of the several towns in this state." Laws 1892, c. 182.

Section 230 of the same chapter contains the following provision:

"The city, except as is otherwise in this act provided, is hereby created and declared to be one of the towns of Westchester county, and all provisions of law not inconsistent with this act, applicable to towns in the county of Westchester, shall apply to said city." Laws 1892, c. 182.

The effect of these two provisions is to leave the city of Mt. Vernon still a town, so far as the jurisdiction of its justices of the peace is concerned, so that that jurisdiction remained subject to regulation by any general legislation which might be enacted regarding the jurisdiction of justices of the peace in towns.

Section 2869 of the Code of Civil Procedure, which relates to localities in which actions in justices' courts are cognizable, provides that such action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, with certain exceptions, which are specified in five succeeding subdivisions. Subdivision 5 of this section, in the form in which it was in force on July 20, 1903, when this habeas corpus proceeding was decided, provided that in any town adjoining an incorporated city—

"No justice of such town shall have jurisdiction of any action brought by or against a resident of such adjoining city, unless at least one of the parties to the action is a resident of such town."

For the purposes of the case at bar, as has already been pointed out, the city of Mt. Vernon was to be regarded as a town adjoining the incorporated city of New York. The suit in the justice's court was brought by Stromberg, a resident of such adjoining city. To give the justice jurisdiction under the subdivision quoted, it was essential, therefore, that the defendant should be a resident of Mt. Vernon. He was in fact, however, a resident of Yonkers. This deprived the justice of the peace in Mt. Vernon of any power to entertain jurisdiction of Stromberg's suit against him. The body execution was therefore issued without authority, and the county judge committed no error in discharging the prisoner held under it. See Dodd v. Ecker, 24 App. Div. 613, 48 N. Y. Supp. 690.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.