### 625.   SIMPKINS & COMPANY v. HESTER.

HILL, C. J.   1. A justice of the peace has no authority to preside in a case outside his district, unless the justice or notary of the district in which the case is pending is disqualified, or parties litigant consent.   Civil Code, § 4072.

2. A judgment rendered by a justice unauthorized to preside as a justice in the district where it was rendered is a nullity and of no effect.

3. The office of the writ of certiorari is to review erroneous verdicts and judgments by some inferior judicatory or person lawfully exercising judicial powers.   It does not lie to review a void judgment by a court legally constituted, or a pretended judgment by an individual or body of individuals assuming to exercise judicial powers without lawful authority.    *Sawyer* v. *Blakely*, 2 *Ga. App.* 159 (58 S. E. 399); *Bass* v. *Milledgeville*, 122 *Ga.* 177 (50 S. E. 59); *People* v. *Moore*, 48 Hun, 619 (1 N. Y. Supp. 405); *Dixon* v. *Cincinnati*, 14 Ohio, 240.

4. The superior court did not err in dismissing the certiorari.

*Judgment affirmed.*

Certiorari, from Effingham superior court—Judge Seabrook. May 16, 1907.

Argued October 30,—Decided November 27, 1907.

Simpkins & Company sued Hester in a justice's court. · A judgment was rendered against him, and he appealed to a jury in that court.   Pending the appeal the plaintiffs dismissed their suit, and the dismissal was duly entered on the docket.   At a subsequent term of the court a justice of an adjoining district presided, and the defendant appeared before him and moved that the case be reinstated and tried.  · He granted the motion to reinstate, on the ground that after a plea of recoupment had been filed the plaintiffs had no right to dismiss their suit.   The case was then tried before him and a verdict and judgment were rendered against the plaintiffs, on the plea of recoupment, for $100.   These proceedings took place in the absence of the plaintiffs and their counsel, and without their consent and without notice to them, and, in the plaintiffs' petition for certiorari, are alleged to be void because the justice before whom the case was tried was without jurisdiction to act therein.   The justice, in his answer to the certiorari, stated that the justice of the district in which the case was tried had asked him to hold court in a case in which that justice was disqualified, but that it was not this case.   The judge of the superior court dismissed the certiorari, and the plaintiffs excepted.

*D. H. Clark*, for plaintiffs.   *A. C. Wright*, for defendant.