JOHN J. GASSON, Respondent, *v.* DUBOIS G. ATKINS, Appellant.

(County Court, Ulster County, April, 1908.)

Municipal Courts — Nature and organization — Judges — Illness, absence or disqualification — Authority of another judicial officer, how established — Recorder of Kingston to act as city judge.

> Where under the charter of the city of Kingston the recorder is given the power to act as city judge in case of the latter's illness, absence or relationship to the parties, the recorder's power to act is dependent upon the existence of the facts which must be proved by competent evidence.
>
> And where, upon the return day of the summons in an action issued by the recorder as acting city judge, the defendant appeared specially and moved to dismiss the complaint upon the ground that the city judge was not disqualified, it became the duty of the plaintiff to show affirmatively the facts upon which the power of the recorder to act depended and the denial of the motion without proof of the facts was error.

THIS action was brought in the City Court of the city of Kingston, to recover the value of certain services, and resulted in a judgment in favor of the respondent in the sum of $56.50; from which judgment this appeal has been taken.

A. D. Van Buren, for appellant.

N. Frank O'Reilly, for respondent.

CANTINE, J.  The summons in this action was issued by the recorder as acting city judge. Under the charter of the

10

city of Kingston, the recorder is given the power to act as city judge in case of the latter's illness, absence from the city or relationship to the parties within the prohibited degree.

The power to act is, therefore, dependent upon the existence of one or more of the above facts; which must be proved, as any other facts, by competent evidence. The recorder has no right to assume that the city judge is under any of the prescribed disabilities, or to base his power to act upon mere rumor, surmise or unsworn statements.

Upon the return day, the defendant, appearing specially, moved to dismiss the complaint, upon the ground that the city judge was not disqualified. This motion was denied.

When the motion was made, there was no presumption that the city judge was disqualified; it then became the duty of the plaintiff to show, affirmatively, the facts upon which the power of the recorder to act depended. The return contains no evidence upon this subject. The denial of this motion was, therefore, error, which requires a reversal of the judgment. Under section 3063 of the Code of Civil Procedure, as construed in the case of Markel v. Gummer, 84 App. Div. 634, this court has only power to order a new trial when the judgment is contrary to or against the weight of evidence; therefore the reversal must be absolute, with costs.

Judgment reversed, with costs.