ROBISCHON v. MOORE.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

Costs (§ 228*)—Appeal from Justice of the Peace.

Code Civ. Proc. § 3063, as amended by Laws 1900, p. 1277, c. 553, permitting the appellate court, on the reversal of a Justice's Court judgment on the evidence, to order a new trial, and providing that the costs of the appeal are in the discretion of the court, limits the authority of the County Court over a justice's judgment to a case where the judgment is contrary to or against the weight of the evidence, and the County Court, where it reverses or affirms the judgment on a question of law, has no jurisdiction over the costs, which are regulated by section 3066, subds. 3, 4, and section 3067.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 228.*]

Appeal from Herkimer County Court.

Action by Peter J. Robischon against Edward S. Moore. From a judgment of the County Court, reversing a judgment of a justice of the peace, rendered in favor of plaintiff, and ordering a new trial before the same justice, with $10 costs, and from an order of reversal, defendant appeals. Modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles D. Thomas, for appellant.
C. Vernet Smith, for respondent.

SPRING, J. The respondent recovered a judgment in Justice's Court, without evidence to sustain it. The appellant appealed, and did not demand a new trial in County Court. The County Court reversed the judgment "upon questions of law," with $10 costs, and ordered a new trial before the justice who had tried the case. The appellant contends that the County Court exceeded its authority in ordering a new trial and in its award of costs, and we concur in this contention.

Prior to the enactment of chapter 553, p. 1277, of the Laws of 1900, there was no power in the County Court to order a new trial in the court below, except where judgment had been taken by default and the appellate court was satisfied from the affidavits presented that manifest injustice had been done. Section 3064, Code Civ. Proc.; 3 Wait's Law & Practice (7th Ed.) p. 635 et seq. By chapter 553, p. 1277 of the Laws of 1900, section 3063 was amended by permitting the appellate court, upon the reversal of a judgment, "where the judgment is contrary to or against the weight of the evidence, * * * to order a new trial before the same justice; * * * and, in such a case, the costs of the appeal are in the discretion of the court." This statute was an innovation, extending the authority of the County Court, and yet limiting that authority to a case where the judgment is contrary to or against the weight of the evidence. This court, in a memorandum decision, distinctly recognized this limitation. Markel v. Gummer, 84 App. Div. 634, 82 N. Y. Supp. 1107. See, also, Gasson v. Atkins, 59 Misc. Rep. 145, 112 N. Y. Supp. 224.

The County Court erred in its award of costs. Its only power was to reverse or affirm the judgment. It had no discretion over the costs. They are regulated by statute. Code Civ. Proc. § 3066, subds. 3, 4, and section 3067.

The judgment and order should be modified, by providing for the absolute reversal of the judgment, with costs to the appellant in this court and the courts below. All concur.