Tichnor Brothers, Inc., Appellant, *v.* Samuel M. Barley, Respondent.

(County Court, Nassau County, June, 1911.)

Justices of the peace — Appeal and error — Trial de novo — In general.
Sales: Warranties — Implied . warranties — Implied warranty as to quality: Remedies of purchaser — Rescission; Breach of warranty; Sufficiency of return of goods.

Upon an executory contract of sale it is implied as a part of the contract that the goods will be of merchantable quality; if they are not, the purchaser has a right to rescind the contract by returning or offering to return the goods, and upon his failure to do so it will be conclusively presumed that the goods were fit and suitable, or, at least, that he was satisfied with their quality.

Defendant's offer to return the goods only upon condition that plaintiff shall reïmburse him the amount paid for express charges is not a valid tender and is, therefore, insufficient to constitute a rescission of the contract of sale.

Where the only evidence upon the question whether defendant actually returned .the goods was his own testimony to the effect that it was his impression that he had returned them, it was error to refuse to strike out such testimony for which a judgment in defendant's favor should be reversed.

Where a justice's judgment is reversed solely upon questions of law, the appellate court is without power to order a new trial in the justice's court and has no discretion as to costs.

Appeal from a judgment of a justice's court rendered in favor of defendant.

Lincoln B. Haskin, for plaintiff-appellant.

R. & A. H. Seabury, for defendant-respondent.

Niemann, J. This is an appeal by the plaintiff from a judgment of a Justice's Court rendered by the justice in favor of the defendant. The action was brought to recover thirty-seven dollars and fifty cents for 6,000 postal cards at seven dollars and fifty cents per 1,000, ordered by the defendant from the plaintiff. The goods were shipped by the plain-

tiff to the defendant from Boston by express and when received were found to be defective. A correspondence ensued between the parties in which the plaintiff admitted that the said cards were defective, in that the colors were run wrong, and offered to either allow the defendant a reduction of fifty per cent on the purchase price, if he would retain the goods, or to correct such subjects as defendant could not use; but the defendant did not accept said proposition. He wrote the plaintiff, in substance, that he would not keep the goods, and offered to return the same if $2 which he had paid for express charges on the goods was refunded. Upon the trial the defendant claimed that he had actually returned the goods by delivering them to an express company, consigned to the plaintiff at Boston, Mass. No positive testimony, however, was given on the part of the defendant that the said goods were delivered by him or on his behalf to an express company for transmission to the plaintiff. The defendant testified on this subject as follows:

Cross-examination: "I returned goods to express company with instructions to return to manufacturer. The manufacturer's address was on goods when left at express office. I don't remember if I took receipt. I have none with me." Re-direct: "I delivered them to express company wagon myself, if my memory serves me correctly. I have a clerk; that is my impression. Q. Then your testimony that you delivered the goods to the express company is based wholly on your impression? A. Yes."

The contract of sale in this case was executory, and it was implied as a part of the contract that the goods would be of merchantable quality, and if they were not so the defendant had a right to rescind the contract by returning or offering to return the goods; and, failing to do this, it would be conclusively presumed that they were fit and suitable or at least that he was satisfied with their quality. Hargous v. Stone, 5 N. Y. 73; Fairbanks Canning Co. v. Metzger, 118 id. 260; Mason v. Smith, 130 id. 480.

In the case of Mason v. Smith, *supra,* Judge Haight states the rule applicable to such a case as this, as follows: "The contract for the sale and delivery of the gloves was executory.

It became the duty of the defendants on the arrival of the goods, or within a reasonable time thereafter, to examine them and determine whether or not they were of the kind and quality ordered, and if they were found not to comply as to quality or kind, to promptly rescind the contract, and either return or offer to return the goods to the plaintiffs. (Reed v. Randall, 29 N. Y. 358; Gaylord Manufacturing Co. v. Allen, 53 id. 515; Coplay Iron Co. v. Pope, 108 id. 232.)" " The rule requiring a return or offer to return under an executory contract of sale is inflexible." Per Houghton, J., in Cooper v. Payne, 103 App. Div. 118, 122.

There being no evidence in the case sufficient to authorize a finding of fact that the defendant actually returned the goods, the question remains whether the offer as made by him to return the same was sufficient to constitute rescission. In a letter written by the defendant to the plaintiff under date of January 15, 1910, he said: " When you send amount to cover express, I will ship goods back to you;" and, in a letter dated January 21, 1910, he wrote: " Send me back express charges and I will return same;" and in a letter written on the bottom of plaintiff's letter, dated January 26, 1910, he wrote: " When you send amount to cover express, I will return the cards;" and in a letter written on the bottom of plaintiff's bill dated March 1, 1910, defendant wrote: " When you send amount to cover express we will be only too glad to return this invoice of goods." The defendant testified as to holding the goods for payment of the express charges, as follows: " Q. In your letter contained in plaintiff's Exhibit E, what do you mean by the expression, ' When you send amount to cover express, I will ship goods back to you ' ? A. I paid the express, about $2, at least my clerk did in my absence; as goods were of no value to me I wanted express charges returned."

The question then arises whether the condition annexed by the defendant to his tender or offer to return the goods, to wit: that plaintiff first refund to him the said sum of $2 paid for express charges, destroyed the tender. He said in his letters and testified that he would not return the goods except upon condition that the plaintiff would reim-

burse him the $2 expressage. This did not constitute a valid tender. Howard v. Hayes, 40 N. Y. Super. Ct. 89; affd., without opinion, 90 N. Y. 643; Gould v. Cayuga Co. Nat Bank, 86 id. 75; Bridge v. Penniman, 51 N. Y. Super. Ct. 183; affd., 105 N. Y. 642.

In the above case of Howard v. Hayes, the plaintiff agreed to make, for defendant, a machine capable of performing certain work for a certain price; and it was claimed by the defendant that the machine, which was delivered, was not capable of performing the designated work. In that case, as in this, there was no special warranty, outside of the warranty implied by law that the article would be fit and merchantable; and it was held that the defendant was not bound to accept the machine unless it met these conditions, but that he was to determine this upon the receipt of the property; and that, unless he returned or offered to return it after a reasonable time for examination, he waived all imperfections and objections; and that he could annex no conditions to the return or offer to return. Judge Speir wrote as follows upon this point: "He did not return it nor offer to return it except upon condition that the plaintiff would pay him $300 without prejudice to any suit. To make a valid tender it must be made without the imposition of any condition, restriction, or qualification. Roosevelt v. Bull's Head Bank, 45 Barb. 579; Wood v. Hitchcock, 20 Wend. 47. A party who seeks to rescind a contract must rescind *in toto,* and place the opposite party in the position he was in before the contract was made. If the defendant did not accept the performance tendered by the plaintiff, the burden rested upon him to show a return or offer to return the machine. This he not only failed to do, but testified himself to the contrary."

The question is not whether the condition attached by the defendant is fair and reasonable, but whether the tender itself was absolutely unconditional. In the case of Wood v. Hitchcock, *supra,* cited by Judge Speir, Cowen, J., said: "It is not of the nature of a tender to make conditions, terms, or qualifications. * * * Interlarding any other object will always defeat the effect of the act as a tender. * * * The books are sufficiently nice as to the manner of a tender.

41

\* \* \* The person making the tender may avoid all implication against the idea of a qualification, or other circumstance destroying his tender, by making it in writing, and even negativing that it is on any condition, or reserve, or intended to prejudice the plaintiff's further claim. Considering the exactness of the cases, and the chances to infer something against the defendant from the cross-examination of the tendering witness, Mr. Chitty advises to that course, with other cautionary steps in this respect. He goes so far as to give the form of a notice, which shall disembarrass the proceeding of all the clogs imposed by the cases."

There is a class of cases where a tender may be restricted by such conditions as by the terms of the contract are conditions precedent or simultaneous to the payment of the debt or proper to be performed by the party to whom the tender is made. These cases are reviewed and discussed by Brown, J., in Halpin v. Phenix Ins. Co., 118 N. Y. 165, 176; but the condition which the defendant affixed to his tender was not of such a character as would be permissible under the exceptions to the rule that a tender must be unconditional laid down by the above cases. The defendant's remedy was to return or offer to return unconditionally the goods and then sue for the money expended by him for expressage. Pierson v. Crooks, 115 N. Y. 539; Taylor v. Saxe, 134 id. 67. He could not, without destroying his tender, hold the goods as security for the repayment of this expenditure, any more than he could hold the goods for repayment of the purchase price. The payment by the defendant of the express charges upon receipt of the goods is analogous to the payment in advance of delivery of the purchase price, or of freight charges, or custom duties, in any of which cases the vendee could not annex to his tender as a condition the repayment to him first of the money. In any of such cases he would first have to return or offer to return the goods unconditionally, and thereby rescind, and then sue for his damages, i. e., payments made by him either by way of purchase price, or advances, or charges. Pierson v. Crooks, *supra;* Taylor v. Saxe, *supra;* Coplay Iron Co. v. Pope, *supra.*

There is also an exception presented which is entitled to

consideration. Upon the question whether the defendant actually returned the goods, the only testimony was that before quoted to the effect that it was his impression that he had returned the same. The plaintiff's counsel moved to strike out this testimony upon the ground that the defendant's mere impression was not evidence of the fact sought to be established, which motion was denied and an exception taken thereto by the plaintiff.

I think that the justice erred in refusing to strike out this testimony; and, as this testimony is the only evidence in the case given to establish the defense of rescission, the error is material.

The defendant's own letters and testimony showed that he refused to return the goods unless he received $2 expressage. The justice permitted the said incompetent testimony that the defendant had actually returned the goods to stand, against a motion to strike out the same. In view of the value placed upon this evidence by the justice, as is shown by his retaining it in the case after reserving his decision on the motion made by the plaintiff to strike it out, it may very well be assumed that he relied upon this testimony and rendered judgment in favor of the defendant upon the assumption that the defendant actually returned the goods and had, therefore, discharged his duty to the plaintiff and thus brought about an actual rescission of the contract. Indeed, the justice could base his judgment for the defendant only upon one of two grounds: tender, or actual return of the goods. As there was no valid tender or offer to return the goods, the only ground upon which the judgment could be sustained would be that there was an actual return of the goods, which the justice was not authorized to find upon the said evidence. The error committed by the justice in refusing to strike out this evidence, being substantial and prejudicial to the plaintiff, cannot be disregarded by force of the provision of section 3063 of the Code of Civil Procedure that, in an appeal from a justice's court, " the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits."

County Court, Richmond County, July, 1911. [Vol. 72.

My conclusion is that the plaintiff is entitled to a reversal of the judgment appealed from. Inasmuch as this reversal is upon questions of law, the reversal must be absolute; and the court has no power to order a new trial in the justice's court.. Such disposition can be made only where the judgment is contrary to or against the weight of evidence. Nor has this court discretion over the costs. They are regulated by statute. Code Civ. Pro., § 3066, subds. 3, 4; id., § 3067; Robischon v. Moore, 135 App. Div. 699.

Judgment reversed.