TICHNOR BROS., Inc., v. BARLEY.

(Supreme Court, Appellate Division, Second Department.  March 15, 1912.)

EVIDENCE (§ 473*)—OPINION—"IMPRESSIONS."
 "Impressions" of a witness were properly admitted in evidence as expressions in qualification of memory, where they were merely the product of an imperfect recollection, and not an inference, an unwarranted deduction of the witness' own mind, or derived from others.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2220–2233; Dec. Dig. § 473.*

 For other definitions, see Words and Phrases, vol. 4, pp. 3443–3445; vol. 8, p. 7682.]

Appeal from Nassau County Court.

Action by Tichnor Bros., Incorporated, against Samuel M. Barley. From a judgment of a County Court (72 Misc. Rep. 638, 132 N. Y. Supp. 243), reversing the judgment of a justice for defendant, he appeals. Reversed, and judgment of justice affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Albert H. Seabury, for appellant.
Lincoln B. Haskin, for respondent.

JENKS, P. J. The County Court reversed the judgment of the Justice's Court on questions of law. The learned judge wrote a commendable opinion upon the law of the case, but we think he erred when he excised all testimony as to a return of the goods. The opinion reads:

"The justice erred in refusing to strike out" certain testimony of the plaintiff, "and as the testimony is the only evidence in the case given to establish the defense of rescission, the error is material."

And also that:

"The only ground upon which the judgment could be sustained would be that there was an actual return of the goods, which the justice was not authorized to find upon the said evidence."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The testimony as to actual return is as follows: The defendant, called by the plaintiff, testified upon cross-examination:

"I received that letter and made copy at about the time goods were delivered. I returned goods to express company, with instructions to return to the manufacturers. Manufacturers' address on goods when left at express office. I don't remember if took receipt. I have none with me.

"Redirect examination: I delivered them to express company wagon myself, if my memory serves me correctly. I have a clerk. That is my impression. Q. Then your testimony that you delivered the goods to express company is based wholly on your impression? A. Yes.

"Plaintiff moves that all his testimony regarding the delivery of the goods to the express company be stricken out, because is immaterial, and because is based on an impression. Motion denied. Exception."

The learned county judge seems of opinion that this "impression" was not evidence. An "impression" may be derived from the recollection of the witness as to the facts. Then "impression" is an expression in qualification of memory and is admissible as evidence. Such qualification can but affect the probative force of the testimony, as can such limitations as "I think," or "I am not sure," or "to the best of my recollection," and the like. See Moore on Facts, § 1272, and cases cited. If, on the other hand, an "impression" indicates that it is but an inference, or that it "is not derived from recollection of the fact, and is so slight as to render it probable that it may have been derived from others, or may have been some unwarrantable deduction of the witness' own mind, it will be rejected." Greenleaf on Evidence (15th Ed.) § 440; Wigmore on Evidence, § 726, and cases cited; Kingsbury v. Moses, 45 N. H. 222; Whitman v. Morey, 63 N. H. 448, 2 Atl. 899; Humphries v. Parker, 52 Me. 502.

We think that the justice did not err in the ruling, and, as this evidence was not disputed, it was sufficient to support his judgment.

The judgment of the County Court of Nassau County is reversed, with costs, and that of the Justice's Court is affirmed. All concur.