## McAFEE *et al.,* executors, *v.* FLANDERS.

1. Where an ordinary was disqualified from presiding in a proceeding to probate a will, on account of relationship to some of the parties, and called in the ordinary of an adjoining county, who presided in his stead, a judgment rendered by the latter was not void, although the disqualification was not entered on the record.
2. Upon objection being made to the admission in evidence of a certified copy of the record in such case, on the ground that the ordinary of the county other than that where the case was pending was without jurisdiction, there was no error in admitting parol evidence of the disqualification, and the consequent request for the other ordinary to preside, and thereupon allowing the certified transcript to be introduced.
3. It was error to charge: "I charge you, on the other hand, if you find from the facts and circumstances of this case that the defendants were named as executors in the will, and that when this will was about to be set up and probated in solemn form, that there was an agreement entered into by and between all of the heirs of [the testator] that the estate should be collected and turned over to the widow, and the widow has distributed it under that agreement, then I charge you that the defendants would not be liable to the plaintiff in any amount whatever, and you should find for the defendants;" and also to charge: "On the other hand, if you find that there was an agreement entered into, whereby all the heirs consented and agreed that the estate should be collected and turned over to the widow, and by her used, and it was further agreed by the heirs, the plaintiff included, that it was to be by her used and distributed, and it has been distributed by her in pursuance of that agreement, then I charge you that the defendants would not be liable." Such charges made the liability of the defendants depend not only upon whether such agreement as that hypothetically stated had been made, and whether the defendants had delivered the property to the widow in accordance therewith, but also upon whether it had been distributed by her in pursuance of that agreement.

JULY 11, 1912.

Complaint. Before Judge Rawlings. Johnson superior court. March 15, 1911.

*B. H. Moye, J. L. Kent,* and *Hines & Jordan,* for plaintiffs in error. *William Faircloth,* contra.

LUMPKIN, J.   John A. McAfee, of Johnson county, died testate. He devised a life-estate to his wife in certain property, and a town lot in fee simple, with instructions to the executors to build a house upon it.   He left certain specific legacies to named children, among them being a bequest of $200 to the plaintiff, who was his daughter, "provided she has not received that amount above the $200 given or desired to be given the others of my children."   He directed that the remainder of his property should be kept together by his executors for the use and benefit of his wife, "provided, from misuse or adverse circumstances, the profits from the bequest mentioned in item 1st and item 2nd become inadequate to the demands of my wife, Mary Ann Elizabeth McAfee."   He then declared that whatever might remain of his estate after the death of his wife should be equally divided among his children named in the will, and appointed his two sons as his executors.   His daughter sued the executors for the legacy of $200 given to her by the will.   The executors set up, among other defenses, that the will omitted one of the testator's children from the distribution, and that the heirs had entered into an agreement for a different mode of distribution so as to admit such child of the testator to an equal share.   The jury found in favor of the plaintiff.   The defendants moved for a new trial, which was denied, and they excepted.

1, 2.   One ground of the motion for a new trial was that the court admitted in evidence a certified transcript of the record from the court of ordinary, probating the will of the testator.   The ground of objection was that the judgment of probate was signed by the ordinary of Washington county, who was without jurisdiction to preside in Johnson county, it not appearing from the record that the ordinary of the latter county was disqualified.   The court allowed the ordinary of Johnson county to testify that he was disqualified from presiding, by reason of being the uncle of the children of the testator, and that he called in the ordinary of Washington county to preside for him; and then admitted the certified transcript.   Error was assigned upon the admission of the parol evidence, and also of the transcript.   There was no error in such ruling.   The proper and orderly method of procedure would have been to enter of record the fact of the disqualification of the ordinary of Johnson county and the consequent presiding of the ordinary of Washington county.   This would have made the record

speak all the facts, and have shown on its face the jurisdiction of the presiding ordinary. But if the disqualification in fact existed, and the ordinary of the adjoining county was therefore called in to preside, his judgment will not be held void because the reason for his presiding was not duly entered of record. Section 4785 of the Civil Code contains two provisions, one as to matters presented to the ordinary, "as such ordinary." In that event the statute declares, that, "if any disqualification exists, he shall enter it upon the papers, and the ordinary of any adjoining county shall pass upon it and certify his action in the matter to the ordinary of the county where the business arose, and the latter shall record it." The second provision is "when any ordinary is disqualified to try any case or issue pending before the court of ordinary." In that event he shall call upon the ordinary of an adjoining county to preside on the hearing of such case or issue; provided that the judge of the county or city court, or, if none, the clerk of the superior court, may exercise the jurisdiction, without the necessity to call in the ordinary of another county. In the latter part of the section, which deals with the trial of cases before the court of ordinary, the statute does not in terms require an endorsement of the disqualification upon the papers. While it may be good practice to make such entry, and may have the advantage of furnishing a permanent memorial thereof, it is not made a statutory requirement.

3. If the evidence showed the facts hypothetically stated in the third headnote, the charge based upon them was too restricted. If the executors were authorized to deliver to the widow the property of the estate for use and distribution by her, their liability for special pecuniary legacies would not depend on whether she distributed the estate in accordance with the agreement or not. If the funds and personal property of the estate were rightfully delivered to her under such agreement, the executors would not be liable for the use and distribution which she made of them.

*Judgment reversed. All the Justices concur.*