### SCHWARTZ v. PALM.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

1. JUSTICES OF THE PEACE (§ 52*)—CIVIL JURISDICTION—TERRITORIAL EXTENT —STATUTORY PROVISIONS.

Under Laws 1892, c. 182, creating the city of Mt. Vernon, sections 5, 24, 53, 62, 63, of which provided for the election, tenure, and jurisdiction of two justices of the peace in said city but expressly deprived them of any criminal jurisdiction, the justices are local judicial officers, and not constitutional justices of the peace whose process is valid outside the city, since the constitutional justices of the peace could not be deprived of their criminal jurisdiction by a statute, and it must be assumed that the Legislature intended to act within its powers.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 146; Dec. Dig. § 52.*]

2. JUSTICES OF THE PEACE (§ 1*)—JURISDICTION—STATUTORY PROVISIONS.

The fact that the statute designates the officers as justices of the peace does not conclusively show that the Legislature intended them to be constitutional justices of the peace with the jurisdiction of such officers.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 1; Dec. Dig. § 1.*]

Submission of controversy on agreed statement of facts, under Code Civ. Proc. §§ 1279–1281, by Nathan Schwartz against John C. Palm. Judgment for the plaintiff.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

William H. Smith, Jr., of White Plains, for plaintiff.
Benjamin M. Freeman, of Mt. Vernon, for defendant.

CARR, J. This is a submitted controversy. The question presented for decision is whether a justice of the peace of the city of Mt. Vernon acquired jurisdiction over the person of this plaintiff by process issuing out of the justice's court but served in the town of Mamaroneck. The contention of the plaintiff is that the jurisdiction of a justice of the peace in the city of Mt. Vernon is limited to the locality of that city, while the defendant contends that the justice of the peace had as full jurisdiction as a justice in a town, and that service of his process could be made validly anywhere within the county of Westchester, in which the city of Mt. Vernon as well as the town of Mamaroneck are located. Concededly if the courts of justices of the peace in the city of Mt. Vernon are mere local courts, then the service of the process was void. If, however, these justices were what are sometimes called "constitutional justices of the peace," then the service was valid.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Prior to the year 1892, the present territory of the city of Mt. Vernon was a part of the town of East Chester, and, by chapter 182 of the Laws of that year, this territory was created a city. Section 5 of the statute provided that among the elective officers of the city there should be "two justices of the peace." Section 24 provides:

"Each justice of the peace of the town of East Chester, residing in the city of Mt. Vernon when this act takes effect, shall qualify according to law as a justice of the peace in said city, and shall continue to hold his office for the balance of the term for which he was elected, in the same manner in all respects, and shall possess the same powers and be subject to the same provisions as if he had been elected under this act. At the first election under this act a justice of the peace shall be elected for the full term of four years. At the general election held two years after said first election a justice of the peace shall be elected for the full term of four years; and every second year thereafter a justice of the peace shall be elected at the general annual election. The term of each justice of the peace elected under the provisions of this act shall begin on January first next after his election and shall be four years."

Section 53 provides:

"The justices of the peace elected under the provisions of this act shall have all the powers and jurisdiction, discharge the duties, and be entitled to the fees and compensation of justices of the peace of the several towns in this state; but no justice of the peace shall have any criminal jurisdiction, except while acting as city judge. The city clerk's office shall be substituted in the place of the town clerk's office, in all proceedings and matters connected with justices of the peace."

It will be noted that section 53 deprives these "justices of the peace" in the city of Mt. Vernon of "any criminal jurisdiction, except while acting as city judge." The "city judge" referred to was the judge of the City Court of Mt. Vernon, unquestionably a mere local court, created by section 56 of the statute. By section 62 of the same act, the city judge was given jurisdiction in criminal matters "exclusive of any justice of the peace or other officer of said city." In the case of absence or inability on the part of the city judge, the mayor was directed to designate a "justice of the peace" residing in the city of Mt. Vernon to act in his stead, and it was further provided:

"And it shall be the duty of the mayor of said city, each year to designate one of the justices of the peace residing in said city, who shall act in criminal matters or proceedings only in the absence, disability or inability of the city judge, to act therein." Section 63.

[2] I think it is plain that this act did not confer upon justices of the peace in the city of Mt. Vernon criminal jurisdiction, as such, and from this circumstance it follows that the justices of the peace provided for in this statute were to be not "constitutional justices of the peace," but simply local judicial officers. For it has been held that a "constitutional justice of the peace" cannot be deprived of criminal jurisdiction by a mere local statute. People ex rel. Burby v. Howland, 155 N. Y. 270, 49 N. E. 775, 4 L. R. A. 838. It must be assumed that the Legislature attempted to act within its known powers and thus to have created a local court, which it had power to limit, by a local act, in the exercise of its jurisdiction, as is the case here. The defendant contends, however, that this precise question has been determined heretofore by this court in People ex rel. Gegliardi v. Miller,

97 App. Div. 35, 89 N. Y. Supp. 601, and that it was there held that a justice of the peace in the city of Mt. Vernon had the same jurisdiction as was possessed by a justice of the peace of a town. An examination of the record on appeal in that case shows that the question of service of process outside the city of Mt. Vernon was not involved. The question here is not as to the character of jurisdiction, but as to its extent beyond the mere locality. The fact that the statute of 1892 used the words "justices of the peace" is not determinative as to the extent of their jurisdiction. Petterson v. Welles, 1 App. Div. 8, 36 N. Y. Supp. 1009, and cases cited. We have reached the conclusion that the justices of the peace in the city of Mt. Vernon are simply judicial officers local to that city.

Judgment is awarded to the plaintiff, with costs, in accordance with the terms of the submission. All concur.

