NASSAU GARAGE, Inc., v. DORN.

(Nassau County Court. April, 1916.)

1. COURTS ☞188(1)—POLICE JUSTICES—JURISDICTION—STATUTE.
    The amendment of Village Law (Consol. Laws, c. 64) § 186, which originally confined the jurisdiction of a village police justice to criminal cases and civil actions to recover a penalty or forfeiture payable to the village, by Laws 1911, c. 501, so as to give the police justices the same jurisdiction as the justices of the peace of the town in civil actions, relates only to the nature of the justices' jurisdiction, not its territorial limits, and does not give such justices jurisdiction where the defendant does not reside and was not summoned within the limits of the village.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 467½; Dec. Dig. ☞188(1).]

2. COURTS ☞190(3)—POLICE JUSTICES—APPEALS—STATUTE.
    That amendment did not take away the right of appeal to the County Court given by Village Law, § 342.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190(3).]

3. COSTS ☞236—POLICE JUDGE—APPEALS—STATUTE.
    Under Code Civ. Proc. § 3066, subd. 2, providing that, if judgment is reversed for error of fact not affecting the merits, or a new trial is directed, the costs of appeal are in the discretion of the appellate court, and subdivision 4, providing that, if the judgment is reversed, costs must be awarded the appellant, the County Court, in reversing the judgment of a village police justice for want of jurisdiction, has no discretion, but must award costs to appellant.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 900–905, 907; Dec. Dig. ☞236.]

Appeal from Justice Court.

Action by the Nassau Garage, Incorporated, against William J. Dorn. Judgment for plaintiff before the police justice of the village of Mineola, and defendant appeals. Reversed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles I. Wood, of Mineola, for appellant.
Harry W. Moore, of Mineola, for respondent.

NIEMANN, J.  The defendant appeals from a judgment of John Buhler, Esq., police justice of the village of Mineola, Nassau county, N. Y.  The action was for work, labor, and services, and materials furnished.  There was no defense upon the merits.  Upon the return day, before any evidence was taken, the defendant moved to dismiss the action upon the ground that the said justice did not have jurisdiction of the defendant or of the subject-matter of the action.  This motion was denied, and an exception taken.  The defendant objected, upon the same grounds, to the admission of any evidence, which objection was overruled, and an exception taken; and at the close of the plaintiff's evidence the defendant moved to dismiss the complaint upon the jurisdictional grounds stated at the opening of the case, but the motion was denied, and judgment rendered for the plaintiff.

[1] 1. The return of the constable shows that the summons was served on the defendant at Manhasset, in the town of North Hempstead. The evidence showed that the defendant was a resident of Manhasset at the time of said service.  Mineola is a village incorporated under the General Village Laws of the state of New York, and the office of police justice of said village was established under section 47 of the Village Law.  Prior to the year 1911, the jurisdiction of a village police justice was confined to criminal cases and to civil actions to recover a penalty or forfeiture payable to the village.  Village Law, §§ 182–186.  By chapter 501 of the Laws of 1911, section 186 of the Village Law was amended so as to read as follows:

"The police justice shall have the same jurisdiction as a justice of the peace of a town in civil actions."

It is claimed by the learned counsel for the respondent that this amendment extended the territorial limits of the jurisdiction of a police justice to coincide with the territorial limits of the jurisdiction of a justice of the peace of a town, and that therefore the said police justice obtained jurisdiction of the person of the defendant, although he was not a resident of or served with process within the Village of Mineola.  I am of the opinion that the said amendment relates only to the nature of the jurisdiction, and not to the territorial extent of such jurisdiction, and that it does not extend the territorial limits of the jurisdiction.  The territorial jurisdiction of a police justice does not extend beyond the boundary of the village in which he is elected, and civil process issued by him must be served within the village. Darling v. White, 67 Misc. Rep. 366, 124 N. Y. Supp. 846, and cases there cited; Schwartz v. Palm, 163 App. Div. 7, 147 N. Y. Supp. 1081; Tobias v. Perry, 25 Misc. Rep. 74, 54 N. Y. Supp. 716.

[2] 2. The respondent also claims that, as no express provision was made for an appeal from judgments rendered by a police justice in a civil action under said amendment, the County Court has no authority to review such a judgment, and that the power of review is lim-

ited to actions for the recovery of penalties or forfeitures. Section 342 of the Village Law provides that:

"The County Court is always open for the hearing of an application or appeal under this chapter."

It has been the practice to take appeals to the County Court from the judgments of police justices, and the right of review has been continually exercised and recognized in cases arising under the law as it stood before the amendment. The Legislature did not in said amendment negative such right, or furnish any other tribunal for review of judgments rendered by police justices under the enlarged jurisdiction given to them, and it must be presumed that the broad provision, left undisturbed by said amendment, for the hearing by the County Court of Appeals arising under the chapter containing the Village Law, was intended to cover any cases arising under this enlarged jurisdiction of the police justices. It cannot be supposed that the Legislature intended to give the police justices of villages the power to render judgments in civil actions which could not be questioned or reviewed. Inasmuch as the enlarged jurisdiction given to police justices is the same as that of justices of the peace, it must be assumed that the right of review is also the same. People ex rel. Picketts v. Moore, 48 Hun, 619, 1 N. Y. Supp. 405; Village of Port Jervis v. Close, 6 N. Y. Supp. 211.[1]

[3] 3. As to costs: Section 3066 of the Code of Civil Procedure provides, in subdivision 2 thereof:

"If the judgment is reversed for an error in fact, not affecting the merits, or if a new trial is directed, before the same or another justice, as prescribed in this article, the costs of the appeal are in the discretion of the appellate court."

Subdivision 4 of the said section provides as follows:

"If the judgment is reversed, costs must be awarded to the appellant."

As this appeal is disposed of under the last quoted subdivision, the court has no discretion as to costs. The reversal must be with costs. Robischon v. Moore, 135 App. Div. 699, 119 N. Y. Supp. 252.

4. The said police justice having acquired no jurisdiction of the person of the defendant, it follows that he had no power to render the said judgment, and it must therefore be reversed, with costs.

Judgment reversed, with costs.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 53 Hun, 634.