### 8536. LITTLE v. McCALLA.

GEORGE, J. 1. Section 4785 of the Civil Code of 1910 contains two provisions as to the procedure where the ordinary is disqualified,—one as to matters presented to the ordinary "as such ordinary;" in which event the statute declares, "he shall indorse such disqualification upon the papers, and the ordinary of any adjoining county shall pass upon the same and certify, to the ordinary of the county where the business arose, his action in the matter, who shall record the same," etc. The second provision is that "When any ordinary is disqualified to try any case or issue pending before the court of ordinary," he shall call upon the ordinary of any adjoining county to preside on the hearing of the case or issue; and in such case the statute does not in terms require that the disqualification shall be indorsed upon the papers. *McAfee* v. *Flanders,* 138 *Ga.* 403, 405 (75 S. E. 319).

2. When the matter is presented to the ordinary "as such ordinary," the provision of the statute requiring that he shall enter his disqualification upon the papers is mandatory.

3. The removal of obstructions from a private way is a matter for the decision of the ordinary, not the court of ordinary. *Fortson* v. *Maddox,* 67 *Ga.* 282 (1).

4. Where the ordinary of Fulton county went into DeKalb county, assumed jurisdiction of, heard, and determined a proceeding for the removal of an obstruction from a private way, upon the invitation of and as a courtesy to the ordinary of DeKalb county, who declared himself disqualified in the matter, and where it affirmatively appears from the evidence and the papers in the case that the fact of disqualification was neither shown by the evidence nor certified by the ordinary

of DeKalb county, the judgment of the ordinary of Fulton county is void.

5. The fact that the plaintiff in error appeared before the ordinary of Fulton county at the court-house in DeKalb county and failed to raise objection as to the qualification of such ordinary to pass upon the removal of an obstruction from a private way did not confer jurisdiction upon the ordinary of Fulton county. Parties can not give a court jurisdiction of a subject-matter when it has none by law. *Smith* v. *Ferrario*, 105 *Ga.* 53 (31 S. E. 38); *Epps & Leabow* v. *Buckmaster*, 104 *Ga.* 700 (30 S. E. 959); *Block* v. *Henderson*, 82 *Ga.* 23 (8 S. E. 877, 3 L. R. A. 325, 14 Am. St. R. 138); *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14 (50 S. E. 951).

6. The writ of certiorari will not lie to review a void judgment by a court legally constituted, or any pretended judgment by an individual or body of individuals assuming to exercise judicial powers without any lawful authority so to do. *Bass* v. *Milledgeville*, 122 *Ga.* 177 (50 S. E. 59), and cases there cited; *Simpkins* v. *Hester*, 3 *Ga. App.* 160 (59 S. E. 322).

7. The judgment overruling the certiorari was in effect a dismissal of the petition, and was to this extent right, since there could not have been any other legal disposition of the case; but it was wrong in so far as it attempted to confirm and give legal effect to the void judgment of the ordinary of Fulton county. The judgment will, therefore, be affirmed with direction that the writ be dismissed.

*Judgment affirmed, with direction. Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 18, 1917.

Certiorari; from DeKalb superior court—Judge Smith. January 29, 1917.

*L. J. Steele*, for plaintiff in error.

*Napier, Wright & Wood, A. C. & J. H. McCalla*, contra.