ABRAHAM FEINMAN and SIDNEY FEINMAN, etc., Appellants, v. MAX WEIL, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1918.)

**Trial — action to recover for breach of warranty — vendor and purchaser — sales — evidence — erroneous dismissal of complaint.**

Where the proofs in a vendee's action to recover for a breach of warranty of goods sold make out a *prima facie* case and, after the denial of a motion to dismiss made at the close of plaintiff's case, the defendant testifies to facts which negative the existence of a warranty and the plaintiff upon being recalled testifies that he made an offer to return the goods conditioned only upon the receipt of the purchase money from defendant, the granting of the motion to dismiss when renewed is error though plaintiff's counsel in answer to the question by the trial justice, whether the case was based upon a rescission of the contract, replied in the negative.

APPEAL by plaintiffs from judgment of the City Court of the city of New York, dismissing complaint.

Benj. Frindel, for appellants.

I. Gainsburg (I. Maurice Wormser and I. Gainsburg, of counsel), for respondent.

GUY, J. In this action brought by vendees against vendor to recover the purchase price paid, plaintiffs' proofs made out a *prima facie* case of breach of warranty, and the court denied defendant's motion made at the close of plaintiffs' evidence for the dismissal of the complaint. Defendant then went on the stand and testified to facts which negative the existence of a warranty. During the cross-examination of the defendant a recess was declared, and after a conference between the court and the attorneys the defendant left the witness stand and the plaintiff Sidney Feinman, recalled as a witness, testified that at the time he offered to return the goods to the defendant he made the return conditional upon the receipt of the purchase money from defendant. The trial judge then said he would entertain a motion for the dismissal of the complaint, whereupon defendant's counsel renewed the motion to dismiss, specifying as one of the grounds that the tender or offer to return the goods was conditioned upon the repayment of the purchase price. The court then asked plaintiffs' counsel whether the case was based upon the rescission of the contract, and counsel answering the negative, the action was dismissed on the authority of *Tichnor Brothers* v. *Barley,* 72 Misc. Rep. 638.

Section 150 of the Personal Property Law provides that where there is a breach of warranty by the seller and the goods have been received the buyer may return or offer to return the goods to the seller and recover the price or any part thereof which has been paid, and that where the price or any part thereof has been paid the seller shall be liable to repay so much thereof as has been paid concurrently with the return of the goods immediately after an offer to return the goods in exchange for repayment of the price. The fact that plaintiffs testified the offer to return was conditioned

Appellate Term, First Department, December, 1918.   [Vol. 105.

upon repayment merely meant that plaintiffs required repayment in exchange for the goods, which attitude on their part is expressly provided for by the statute.

In the case relied upon by the trial judge as authorizing the dismissal (*Tichnor Bros.* v. *Barley,* 72 Misc. Rep. 638) the plaintiff, vendor, appealed from a judgment of a Justice's Court dismissing the complaint in action against vendee. It appeared that the vendee in that case offered to return the merchandise provided the vendors reimbursed him for express charges which he had paid. The County Court on appeal assumed that the vendee had not returned the goods, and held that he had no right to impose such condition when he made the offer to return, citing several cases decided on common-law principles. The Appellate Division reversed the County Court (149 App. Div. 871) upon the ground that the trial justice was authorized in finding that the vendee had returned the merchandise, and although the opinion of the Appellate Division states that the county judge wrote " a commendable opinion upon the law of the case," such commendation does not justify the dismissal in the present case, for here the rights of the parties are governed by the express provisions of the statute, and the offer to return made by these plaintiffs was not coupled with any condition that defendant should pay for any charges incurred by them prior to the offer.

We are in complete accord with the views expressed in *Levy* v. *Chonavitz,* 163 N. Y. Supp. 658, in which the same question was presented.

WEEKS and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.