ALLIED MORTGAGE COMPANIES INC. *v.* GILBERT *et al.,* tax-assessors.

No. 13139. MARCH 13, 1940.

*Hirsch, Smith & Kilpatrick, Welborn B. Cody,* and *Louis Regenstein Jr.,* for plaintiff in error.

*Spalding, Sibley, Troutman & Brock, E. Harold Sheats, W. S. Northcutt,* and *Standish Thompson,* contra.

PRATT, Judge. ■ In the cases of *Columbus Mutual Life Insurance Company* v. *Gullatt* (13108), and *Guardian Life Insurance Company of America* v. *Gullatt* (13115), ante, 747, it was ruled that there is ample provision, under statutes existing at the time of the enactment of the tax-equalization act (Ga. L. 1913, p. 123), for a taxpayer to contest the taxability of his property assessed for taxation. This is by a petition in equity in the superior court having jurisdiction. This procedure is laid down in the act of 1908 (Ga. L. 1908, pp. 25, 26), and in the act of 1910 (Ga. L. 1910, pp. 22 et seq.). Section 6 of said tax-equalization act contains the following provision: "Said arbitration shall be had . . in the same manner as is now provided for arbitration of individual tax returns, except in so far as the existing law may be modified by the provisions of this section." While this provision was omitted from the present Code, § 92-6912, it appears to be still in force. It was applied by this court in *Vestel* v. *Edwards,* 143 *Ga.* 368 (85 S. E. 187). By the act of 1910 it is provided that the taxpayer may

"refer the question of the true value to arbitrators," but "should the taxpayer desire to contest the taxability of said property, . . he may do so by petition in equity in the superior court." Construing together the acts of 1910 and 1913, as was done in *Vestel* v. *Edwards,* supra, we are unable to hold that the act of 1913 either repealed the provisions of the act of 1910 for the determination of taxability by petition in equity in the superior court having jurisdiction, or enlarged the powers of arbitrators which were restricted by the 1910 act to the question of value. "In the absence of express language to that effect, a statute will not be construed as repealing a former one, if by any reasonable construction the two may be reconciled." *McGinty* v. *Gormley,* 181 *Ga.* 644. The tax laws of this State evince a fixed policy of the legislature to restrict boards of arbitrators provided therein to questions of *value,* and to make the superior court the forum in which to contest the *taxability* of property assessed for taxation. The board of arbitrators had no power to adjudicate the question of taxability, as it appears was done from the question propounded by the Court of Appeals. Its attempted decision of this question is therefore void.

2. It is well settled by the holdings of both this court and the Court of Appeals that the writ of certiorari does not lie to set aside a void finding or judgment. *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59), and cit.; *Sawyer* v. *Blakely,* 2 *Ga. App.* 159, 161 (58 S. E. 399) ; *Simpkins* v. *Hester,* 3 *Ga. App.* 160 (3) (59 S. E. 322).

Whether or not other reasons argued are meritorious, it follows from what is said above that the certified question must be

*Answered in the negative. Reid, C. J., Atkinson, P. J., and Bell, Jenkins, and Grice, JJ., concur.*